No. 16,832.

## MAY v. THE STATE.

ACTION AGAINST THE STATE.—*Right to Maintain.*—*Limitation of.*—*Statute Construed.*—*Act of March 9, 1889.*—To authorize a person having a money demand against the State, to maintain an action for the same, under the statute, Acts 1889, p. 265, it must be a claim express or implied, arising at law or equity, and must have accrued within fifteen years from the time of the commencement of the action, the limitation in section 1 of said act having express reference to the time when the demand accrued, and not to the time when the right to sue accrued.

ACTION.—*Claim May Exist Independent of Right to Sue.*—*Claim and Right of Action Accruing at Different Times.*—A claim or demand may exist without a right of action for the same, and a claim may accrue at one time, and a right of action therefor at another time.

From the Marion Superior Court.

*I. P. Gray* and *P. Gray*, for appellant.

*A. G. Smith*, Attorney-General, and *L. O. Bailey*, for appellee.

COFFEY, C. J.—The State prison at Michigan City was erected pursuant to the provisions of an act of the General Assembly of the State, approved March 5, 1859, found in the acts of that year at page 135. The erection of the buildings was under the control of John W. Blake, B. F. Mullen and John P. Dunn, who were appointed and commissioned as a board of control for that purpose.

They employed Edwin May as an architect to prepare plans and specifications for the buildings then in contemplation, and on the 1st day of May, 1860, made him the following allowance, namely:

"State of Indiana,      Dr.,

"To Edwin May, architect of Northern Indiana State prison.

"For furnishing plans of prison, walls, towers, workshops, and plan of kitchen, dining-room, heating and ven-

tilating apparatus of said prison, plan of cells and fastenings, under his patent, to be used for the Northern Indiana State prison, including also working plans and specifications, the sum of $5,000.

"The above account is correct and allowed by the board of control.

"J. W. Blake,

"B. F. Mullen,

"John P. Dunn."

For some reason not appearing upon the face of the record in this cause, the General Assembly has never made any provision for the payment of this claim. May died on the 27th day of February, 1880, and his estate has been settled in due course of administration. At the time of his death he left as his only heirs at law the plaintiff, Sarah May, as his widow, and the defendants to this suit, other than the State, who are his children. His children have assigned all their interest in this claim to the appellant.

This suit was instituted by the appellant, in the Marion Superior Court, on the 13th day of December, 1892, under the provisions of an act of the General Assembly, approved March 9, 1889, enabling persons having claims against the State of Indiana to prosecute suits for the recovery of the same. The court sustained a demurrer to the complaint, and the appellant excepted. The propriety of this ruling presents the only question for our consideration.

Section 1, Acts 1889, p. 265, provides "that any person or persons having or claiming to have a money demand against the State of Indiana, arising at law or equity, express or implied, accruing within fifteen years from the time of the commencement of the action, may bring suit against the State therefor in the Superior Court of Marion County, Indiana, by filing a complaint with the clerk of said court, and procuring a summons to be issued by said

clerk, which summons shall be served upon the attorney-general of Indiana, thirty days before the return day of the summons; and jurisdiction is hereby conferred upon said Superior Court of Marion county, Indiana, to hear and determine such actions; and said court shall be governed by the laws, rules and regulations which govern said superior court in civil actions in the making up of issues, trial and determination of said causes" * * *.

Section 2 of the act provides that it "shall not authorize any person to bring suit against the State of Indiana, upon any obligation described in section 7, of article 10, of the Constitution of Indiana."

Section 3 provides that " all actions which may hereafter accrue shall be governed by and be subject to the statute of limitations in force in this State; but the statutes of limitations shall begin to run from the passage of this act as to right of actions heretofore accruing."

In the absence of this statute, no private person could maintain an action in any of the courts of the State, against the State of Indiana. It follows, therefore, that no person can maintain such action unless the claim upon which it is based falls within the terms of the statute.

It is contended by the learned counsel for the appellant that the limitation found in the first section of the act under consideration relates to the time when a right of action accrued, and that no claim could exist until the act took effect, inasmuch as there could be no claim without a right to sue for its recovery. It is argued from these premises, that the statute of limitations did not begin to run until a right of action accrued under this statute.

On the other hand it is contended by the attorney-general, that this limitation relates to the time when the claim accrued, and that there may be a claim without any right to sue for its recovery.

Many authorities are cited on behalf of the appellant, holding that the statute of limitations, as a general rule,

. does not begin to run until there is a right of action, but we are of the opinion that the question presented for our consideration, by the record in this case, is not one for the ordinary application of the rules governing statutes of limitation, but that it is a question as to whether the claim which constitutes the basis of the action falls within the terms of the act under immediate consideration.

We think it quite clear that there may be a claim or demand without any right to sue for its recovery. It has been held by this court that a claim may accrue at one time, and a right to sue for its recovery may accrue at another and different time. *Indianapolis, etc., R. W. Co. v. Center Township*, 130 Ind. 89.

Indeed, the second section of the act before us recognizes the existence of demands against the State for which there is no right to sue. To authorize a private person to maintain an action against the State of Indiana under the terms of this statute he must have, or claim to have, a money demand against the State, arising at law or equity, express or implied. Not only must it be a money demand arising at law or equity express or implied, but in addition to these requisites it must have accrued within fifteen years from the time of the commencement of the action. The limitation in the first section of the statute has no reference to the time when the right to sue accrued, but it has express reference to the time when the demand accrued. By this provision it was doubtless the purpose of the General Assembly to cut off claims or demands which accrued at a period so remote as to render the evidence by which they could be proved or disproved uncertain.

Were it not for this limitation, a demand which accrued at any period during the State's existence would fall within the terms of the act, and the court would be liable to be subject to the annoyance of listening to claims so stale that it would be impossible to ascertain whether they

were real or fictitious. It is the intention of the law, we think, to cut off such claims, and thus avoid an annoyance which could serve no good purpose.

The claim which constitutes the basis of this action accrued more than thirty-two years prior to the commencement of this action. In our opinion it does not come within the terms of the statute under consideration, and for that reason the court did not err in sustaining a demurrer to the complaint.

Judgment affirmed.

