RAWLINGS v. VREELAND ET AL.

[No. 10,110. Filed June 15, 1920. Rehearing denied November 18, 1920. Transfer denied June 28, 1921.]

1. APPEAL.—*Right of Appeal.—Judgment Failing to Dispose of Issues on Cross-complaint.—Statute.—*Where defendant, who had filed a cross-complaint, did not introduce evidence in support thereof, but at the close of plaintiff's evidence requested a peremptory instruction, which was given, and thereafter had the court render judgment on the verdict, defendant's conduct must be deemed to have been an abandonment of his cross-complaint, and a waiver of his right to have the issues tendered thereby determined, and the judgment, though disposing only of the issues made on the complaint, was a "final judgment," within the meaning of §671 Burns 1914, §632 R. S. 1881, from which plaintiff could appeal. p. 213.

2. TRIAL.—*Directing Verdict.—*Where the facts in evidence, when considered in connection with all inferences which the jury might reasonably draw therefrom would sustain a verdict for plaintiff, it would be error to grant defendant's request for a peremptory instruction. p. 216.

3. SALES. — *Contract. — Evidence. — Sufficiency.* — In an action against the owner and tenant of a hotel to recover for coal used in the hotel, in which plaintiff contended that the owner had promised to pay a part of the coal bill, evidence *held* insufficient to show a sale to the owner or that the owner's promise to the tenant to pay a specified part of the price of the coal was for the benefit of plaintiff. pp. 216, 217.

4. CONTRACTS.—*Rights of Third Parties.—*A contract may be made in whole or in part for the benefit of a person, who is not

a party to it or to the consideration, and the person in whose favor it is made may maintain a suit in his own name, but to entitle a person to maintain an action on a contract to which he is not a party it must appear, not only that it was the purpose of the contract to impose an obligation on one of the contracting parties in favor of the person claiming the right of action but also that it was the intention of one of the parties to require that certain of the terms and agreements entered into should be performed by the other party in favor of such third person and for his benefit, and that the other party intended to assume the obligations thus imposed. p. 217.

5. TRIAL.—*Directing Verdict.*—*Duty of Court.*—A court must give a requested peremptory instruction where the established facts are such that no inference of liability can be drawn. p. 218.

From Porter Superior Court; *Harry L. Crumpacker,* Judge.

Action by Wilbur L. Rawlings against Frank Vreeland and another. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Harry B. Tuthill* and *Walter C. Williams,* for appellant.

*Grant Crumpacker, Cornelius R. Collins* and *Jeremiah B. Collins,* for appellees.

BATMAN, J.—This is an action by appellant against appellees on an account. The complaint on which the cause was tried is in a single paragraph and alleges in substance, among other things, that between July 1, 1914, and June 15, 1915, appellant sold and delivered to appellee, Barton, a large amount of coal and coke of the value of $1,500, and that for a valuable consideration, appellee Vreeland promised to pay appellant one-half of sale price and value thereof; that the consideration moving to said appellee Vreeland, for his said promise to appellant is, that prior to the making of said promise, the said Vreeland had leased to said Barton a certain hotel building in Michigan City, Indiana, known as the Vreeland Hotel, and had sold him certain

furnishings therein; that said Vreeland agreed to make certain improvements on said hotel building, which included the installation of a hot water heating plant therein; that the said Vreeland, having failed to install said heating plant, and to make the other improvements theretofore agreed upon, entered into another arrangement with said Barton on September 1, 1914, whereby said Vreeland agreed that in consideration of being released from installing said heating system and making said other improvements until the summer of 1915, he, the said Vreeland would pay one-half of the sale price and value of whatever coal and coke the said Barton should purchase in the management and control of said hotel; that on October 1, 1914, said Barton made known to appellant the said promise theretofore made to him by said Vreeland, with reference to paying one-half of the sale price and value of said coal and coke; that relying on said promise, appellant did sell and furnish for consumption in said hotel a large quantity of coal and coke for the price and of the value of $1,500, as shown by an exhibit filed therewith and made a part thereof; that on October 15, 1914, said Vreeland promised appellant that he would pay him one-half the value and sale price of all coal and coke which appellant had, and in the future would sell and deliver to said Barton for use in said hotel; that appellant then and there accepted the promise of said Vreeland so made as aforesaid, and in reliance thereon delivered to said Barton the said coal and coke for use in said hotel. Demand for judgment in the sum of $750 and interest. Appellee, Barton, filed an answer, in which he admitted that he bought the fuel mentioned in the complaint; that his coappellee agreed to pay one-half of the price thereof, for the consideration alleged in the complaint, and asked that appellant be given judgment against his coappellee for $750, and that he have all proper relief. Appellee,

Vreeland, filed an answer in general denial, and also a cross-complaint against appellant and his coappellee, in which it is alleged in substance, among other things, that the cross-complainant on July 8, 1914, leased to appellee, Barton, certain real estate known as the Vreeland Hotel for the sum of $325 payable monthly in advance, a copy of said lease being filed therewith as an exhibit and made a part thereof; that said Barton took possession of said hotel on said date and occupied the same for a long time thereafter, but failed to pay the rent therefor from October 1, 1914, until May 22, 1915, and still owes the same; that cross-complainant agreed with said Barton to install a heating plant in said hotel and to make certain other improvements therein, all of which were done, except the installation of the heating plant; that a subsequent arrangement was made whereby the said Barton agreed that the cross-complainant should allow him, as a credit upon the rent for said hotel, a sum equal to one-half the amount expended by said Barton in the purchase of coal consumed in heating said hotel; that said credit was to be given when the amount thereof was ascertained; that the coal purchased by said Barton and used in heating said hotel is the identical coal for which appellant is seeking to recover a judgment in this action, and that said Barton is entitled to a credit on his rent account to the cross-complainant for one-half of said amount; that appellant is claiming some interest in said rental credit due the said Barton, which is without right and is made a party to answer as to any such interest; that said Barton is indebted to the cross-complainant in the sum of $2,500 on account of rent due for said hotel, less the credit due him on account of the amount expended for coal used in heating said hotel. Demand for judgment against said Barton for $2,000. This cross-complaint was answered by a general denial by each of the defend-

ants thereto. The cause was submitted to a jury for trial, and at the close of appellant's evidence appellee, Vreeland, moved the court to instruct the jury to return a verdict in his favor, and tendered the following instruction for that purpose, "Gentlemen of the jury: Under the evidence in this cause, I instruct you to find for the defendants." The court thereupon gave said instruction to the jury, and in pursuance thereof the jury returned the following verdict into open court: "We the jury find for the defendants." Appellant filed a motion for a new trial, which was overruled, and thereupon the court, on motion of appellee Vreeland, rendered judgment upon the verdict as follows: "It is therefore considered and decreed by the court that the plaintiff take nothing by his complaint herein, and that the defendant recover of and from the plaintiff all their costs and charges herein paid and expended, taxed at $———." From this judgment appellant has appealed, and has assigned the action of the court in overruling his motion for a new trial as the sole error on which he relies for reversal.

Appellee contends that this appeal cannot be maintained because the judgment does not dispose of all the issues in the cause. It will be observed that is-

1. sues were joined on the complaint of appellant, and on the cross-complaint of appellee Vreeland. It is clear that the judgment disposes of all the issues made on the complaint, so that appellee's contention must relate to the issues formed on his cross-complaint. The record discloses that appellee Vreeland, at the close of appellant's evidence, instead of proceeding to introduce evidence in support of his answer to appellant's complaint, and in support of his cross-complaint against appellant and his coappellee, elected not to do so, but instead requested the court to give a peremptory instruction to return a verdict in his favor, and tendered

an instruction for that purpose.   The court gave the instruction so requested, and in compliance therewith the jury returned a verdict, which, in effect, was merely a finding for appellees on the complaint.   It further appears that appellee Vreeland, after he had succeeded in obtaining the verdict he sought by his tendered instruction, asked the court to render judgment thereon, which was accordingly done.   True this judgment does not dispose of the issues joined on appellee's cross-complaint, but it does dispose of all the issues determined by the verdict, and that is sufficient under the facts stated.   We base this conclusion on the conduct of appellee Vreeland in failing to offer evidence to sustain his cross-complaint at the close of appellant's evidence, and in requesting the peremptory instruction given, and thereafter moving for judgment on the verdict returned in his favor on the issues formed on the complaint alone.   This conduct must be taken as an abandonment of his cross-complaint, and a waiver of his right to have the issues tendered thereby determined in this action. For the reasons stated we hold that the judgment rendered is a final judgment within the meaning of §671 Burns 1914, §632 R. S. 1881.

The only question presented by appellant relates to the action of the court in giving the instruction directing the jury to return a verdict in favor of appellees. The rules governing the giving of an instruction of this character have been so often stated that we will not repeat them here, but direct our attention at once to the evidence pertinent to the question under consideration. The evidence most favorable to appellant tends to show that appellee Vreeland, was the owner of a hotel building and furniture therein at Michigan City, Indiana; that in the month of July, 1914, he sold said furniture and leased said building to appellee, Barton; that said Barton very soon thereafter began to purchase coal of

appellant for said hotel, and continued to make such purchases for almost a year thereafter; that in said lease executed by Vreeland to Barton, it was agreed that Vreeland should complete the installation of a new heating plant in said hotel on or before October 1, 1914; that the said Vreeland, having failed to complete the installation of said heating plant as agreed, had a conversation with said Barton with reference to such failure in the month of September, 1914; that in said conversation it was agreed that the installation of said heating plant was to be postponed until the next year, in consideration of Vreeland paying one-half of the coal bill for the ensuing winter; that Barton afterwards communicated to appellant what Vreeland had said about paying one-half of the coal bill; that about November 24, 1914, appellant met Vreeland and said to him, "Is it a fact that you have agreed to pay him half of the Vreeland house coal bill this season? Mr. Barton said you had"; that Vreeland answered, "Yes sir. Owing to the fact we did not put in the new plant as we agreed to, I have agreed to pay half the coal bill"; that appellant then said to Vreeland, "I lost on that Vreeland hotel last year, $770.00, and I don't propose to do it this year"; that Vreeland answered, "You won't lose it this year, because we have got a good man in there and he pays his bills"; that appellant met Vreeland on a later occasion and said to him, "What about this: Mr. Barton informs me you are going to pay half of the coal bill of his coal?"; that Vreeland answered, "Yes, I am on account I didn't put in the new boiler, I agreed to pay half of the coal bill." There was also evidence tending to show that from July, 1914, until May, 1915, the Vreeland hotel was conducted by said Barton, under his lease from said Vreeland; that appellant knew such fact, and during such time sold coal to said Barton for said hotel, of the reasonable value of

$1,359.30, of which amount $884.38 remains unpaid; that said coal was charged on the books of appellant to the "Vreeland Hotel, Frank Vreeland, Proprietor," but no part of said account was paid by said Vreeland.

The concrete question for our determination is, would the facts stated, when considered in connection with all inferences which the jury might reasonably draw therefrom, sustain a verdict in favor of appellant? If they would do so, the court erred in giving the instruction under consideration.

Lyons v. City of New Albany (1913), 54 Ind. App. 416, 103 N. E. 20. Appellant contends that the facts established by the evidence are sufficient to warrant a finding that a direct sale of the coal in question was made to Vreeland, or that the promise made by Vreeland to Barton to pay one-half of the coal bill was for the benefit of appellant, and that either of such findings would sustain a verdict in his favor. We cannot agree with this contention. Considering the facts stated in the most favorable light for appellant, it is obvious that Vreeland did not make any personal promise to appellant to pay for any part of the coal in question. The only communication that passed between them, with reference to the matter, consisted of inquiries on the part of appellant regarding a promise made by Vreeland to Barton to pay one-half of the coal bill, and the admission of Vreeland in response thereto, that he had made such a promise. This could not be construed into a direct sale of coal to Vreeland, and no question of estoppel is presented by the issues. The facts proven do not show that Vreeland appointed Barton as his agent to purchase any portion of the coal in question on his account, nor do they furnish a reasonable basis for such an inference. The evidence therefore fails to show a direct sale to Vreeland as appellant contends. But can it be said that the promise made by

Rawlings *v.* Vreeland—76 Ind. App. 209.

Vreeland to Barton to pay one-half of the coal bill, was for the benefit of appellant? We recognize the

4. rule which prevails in this state, that a contract may be made in whole or in part for the benefit of a person, who is not a party to it or to the consideration, and the person in whose favor it is made may maintain a suit in his own name. *Reed* v. *Adams, etc., Wire Works* (1914), 57 Ind. App. 259, 106 N. E. 882. But as said in the case cited, "In order to entitle a person to maintain an action on a contract to which he is not a party, it must clearly appear that it was the purpose of the contract to impose an obligation on one of the contracting parties in favor of the person claiming the right of action. * * * It may appear that the performance of the terms and stipulation of a contract as between the parties to it would be beneficial to a third party, but this of itself is not enough to confer upon such third party a right to maintain an action based on such contract. It must further appear that it was the intention of one of the parties to require that certain of the terms and agreements entered into should be performed by the other party to the contract in favor of such third person and for his benefit; and that the other party to the contract intended to assume the obligation thus imposed." It will be observed in the instant case that the evidence fails to show any

3. direct promise by Vreeland to Barton to pay appellant for any part of the coal in question, and in view of the circumstances under which the promise to pay one-half of the coal bill was made, we do not believe that such a promise can be reasonably inferred. In the light of such circumstances the only reasonable inference to be drawn from such promise is that Vreeland would reimburse Barton for one-half of the cost of the coal used in heating the hotel, because of his failure to install the new heating plant as he had agreed

to do.   The evidence therefore fails to show a promise on the part of Vreeland for appellant's benefit.

As opposing the conclusion we have announced appellant contends, that under the facts of this case it was the exclusive province of the jury to determine what Barton and Vreeland intended by their contract, and also to determine what appellant and Vreeland intended by their conversations with reference thereto, and that because of this fact the court erred in giving the jury a peremptory instruction to return a verdict in favor of appellees.   We recognize the rule cited by appellant in support of this contention, but under the facts of this case, as disclosed by the evidence, we must apply the rule which requires a court to give a peremptory instruction where the established facts are such that no inference of liability can be drawn.   *Lyons* v. *City of New Albany, supra.*

For the reasons stated we hold that the court did not err in directing a verdict in favor of appellees, or in overruling appellant's motion for a new trial.   We find no error in the record.   Judgment affirmed.