STATE of Indiana, Appellant (Defendant & Third Party Plaintiff below),

v.

WILLIAMSON POLISHING & PLATING COMPANY, INCORPORATED, Appellee (Plaintiff below),

v.

B & B WRECKING & EXCAVATING, INC., Appellee (Third Party Defendant below).

No. 2–777A284.

Court of Appeals of Indiana, Fourth District.

Jan. 22, 1979.

Rehearing Denied Feb. 19, 1979.

Theodore L. Sendak, Atty. Gen., Susan J. Davis, Deputy Atty. Gen., Indianapolis, for appellant. .

Robert L. Life, Stilwell, Hackemeyer & Life, Indianapolis, for appellee.

YOUNG, Judge.

Williamson Polishing & Plating Co. (Williamson) received a judgment for $30,000 against the State of Indiana for alleged damage to Williamson's personal property. The State contends that Williamson's suit was barred by the two-year statute of limitations for injury to personal property, IC 1971, 34–1–2–2 (Burns Code Ed.). We agree with the State and reverse.

Williamson stored certain personal property in a leased building. The State acquired the building from the owners, the Parkers, because it lay in the path of a proposed interstate highway. Thereafter a wrecking contractor employed by the State demolished the building and destroyed Williamson's property. This occurred sometime between March and July, 1969.

Williamson filed suit on January 7, 1972, alleging that its property was destroyed due to the failure of the State to give advance notice of the impending demolition. This suit was filed, therefore, beyond the two-year limit imposed by IC 34–1–2–2.

■ Williamson argues nonetheless that its suit was timely. This argument centers on the contention that the State enjoyed sovereign immunity until July 17, 1972, when *Campbell v. State,* (1972) 259 Ind. 55, 284 N.E.2d 733, was decided. Williamson asserts that its cause of action did not accrue until *Campbell* abolished sovereign immunity. Consequently, asserts Williamson, the suit was timely because it was filed within two years of *Campbell.* (In fact, the suit was filed before the decision in *Campbell.*)

We do not believe that the Supreme Court in *Campbell* intended to resuscitate claims which were otherwise barred by the statute of limitations. We note that in other states the abrogation of sovereign immunity was carefully limited to prospective operation. *See, e. g., Nieting v. Blondell,* (1975) 306 Minn. 122, 235 N.W.2d 597; *Walker v. Idaho Bd. of Highway Directors,* (1974) 96 Idaho 41, 524 P.2d 169; *Molitor v. Kaneland Community Unit Dist. No. 302,* (1959) 18 Ill.2d 11, 163 N.E.2d 89. *Campbell* was applied to other cases which were then pending in the Court of Appeals. *State v. Daley,* (1972) 153 Ind.App. 330, 287 N.E.2d 552; *State v. Turner,* (1972) 153 Ind.App. 197, 286 N.E.2d 697. However, we know of no principle which would permit persons aggrieved in the distant past to assert claims otherwise barred by the statute of limitations. *See May v. State,* (1893) 133 Ind. 567, 33 N.E. 352. Other than setting forth some general propositions, Williamson has cited no authority which would permit recovery on such a claim.

■ Williamson alternatively argues that its cause of action is grounded in contract. Consequently, Williamson asserts its suit is timely apparently by virtue of the six-year limit for actions on contract imposed by IC 34–1–2–1. We disagree.

Williamson's breach of contract argument is twofold. First, Williamson claims to have been a third-party beneficiary to the State's contract to purchase Parkers' realty. Second, Williamson argues there was a contract directly between it and the State.

Williamson's argument of third-party recovery is without merit. First, we find nothing in the record to establish that the State and the Parkers intended Williamson to be a third-party beneficiary to the alleged contract for the sale of realty. Williamson has presented neither argument nor authority to establish that it was intended to be a beneficiary to the contract. Absent this intent Williamson cannot recover. *Harvey v. Lowry,* (1932) 204 Ind. 93, 183 N.E. 309, 311; *Irwin's Bank v. Fletcher Savings & Trust Co.,* (1924) 195 Ind. 669, 145 N.E. 869, 876; *State ex rel. Hay v. United States F. & G. Co.,* (1930) 92 Ind. App. 4, 172 N.E. 656, 657; *see* 17A C.J.S. *Contracts* §§ 518, 519 (1963). Williamson's third-party theory is also defective for an additional reason. Williamson is attempt-

ing to recover on a contract basis. Accordingly, we would expect Williamson to argue that the alleged State-Parker contract was *breached.* Inexplicably, however, Williamson argues the antithesis that the alleged contract was "fully executed." Williamson has demolished its own argument. For these reasons we find no merit to Williamson's theory of third-party recovery.

We likewise disagree with Williamson's remaining argument that there was a contract between it and the State. The State did nothing more than obtain realty for the construction of the proposed interstate. To argue that the State, in carrying out this mission, entered into individual contracts with the owners of personalty stored upon the realty, distorts too far the facts of this case and the law of contracts. There is simply nothing to show that the State intended to contract with Williamson nor are the other elements of a contract present.

The judgment of the trial court is reversed and this cause is remanded with instructions to enter judgment in favor of the State and against Williamson.

CHIPMAN, P. J., and MILLER, J., concur.