**Pete MOGENSEN and American States Insurance Company, Appellants (Defendants Below),**

v.

**Hugo MARTZ, et al., Appellees (Plaintiffs Below).**

No. 3–782A147.

Court of Appeals of Indiana, Third District.

Oct. 25, 1982.

Benton E. Gates, Jr., Gates & Gates, Columbia City, for appellants.

Hugo E. Martz, Ivan E. Bodensteiner, Valparaiso, for appellees.

STATON, Judge.

Martz and others sued Mogensen and his surety in Small Claims Court, seeking damages for Mogensen's alleged breach of a contract between himself and the Whitley County Drainage Board. The court found in favor of Martz and entered judgment against Mogensen for $560.00 plus costs. Although Mogensen raises a number of questions on appeal, the only issue which this Court must address is whether Martz and the others had standing to enforce the contract.

Reversed.

Pete Mogensen and the Whitley County Drainage Board executed a contract on November 9, 1979. This contract provided that Mogensen would make repairs on Goble Drain, which was part of property later purchased by Martz and others. The specification at issue is 2(E):

"*Trees and brush shall* be burned and the *stumps buried* except in muck lands, and wooded areas, the brush and trees shall be piled at areas designated by the landowner, within 500′ from their original location . . . ." (Emphasis original.)

On November 7, 1980, the County Engineer certified that the work had been satisfactorily completed and the county paid Mogensen on November 17, 1980.

Hugo Martz, Katherine Martz, Ivan Bodensteiner and Patricia Bodensteiner

agreed to purchase the property on September 2, 1980. The deed transferring the property to them was executed on November 26, 1980 and recorded on December 1, 1980. In March, 1981, Martz hired a contractor to clean up areas of the property so that the land could be cultivated. During the course of this work, the contractor discovered tree stumps close to the surface of the ground along Goble Drain. The contractor spent eight hours bulldozing the stumps and clearing the ground for cultivation. This work cost Martz and the other owners $560.00. They filed suit against Mogensen, alleging that he had breached his contract with the drainage board by not properly burying the stumps.

 Although clearly not parties to the contract, Martz and the other owners assert a right as third party beneficiaries to enforce it.[1] Third party beneficiaries may directly enforce a contract in Indiana. *Standard Land Corporation of Indiana v. Bogardus* (1972), 154 Ind.App. 283, 323, 289 N.E.2d 803, 826. A third party beneficiary contract requires first, that the intent to benefit the third party be clear, second, that the contract impose a duty on one of the contracting parties in favor of the third party, and third, that the performance of the terms necessarily render to the third party a direct benefit intended by the parties to the contract. *Fiat Distributors, Inc. v. Hidbrader* (1978), Ind.App., 381 N.E.2d 1069, 1071. The contract between Mogensen and the Whitley County Drainage Board does not satisfy these requirements; therefore Martz and his co-owners are not third party beneficiaries of the contract.

 First, the contract does not show a clear intent to directly benefit the property owner. Such intent may be shown by naming a specific property owner or property owners as a class, *Clark v. Corbly* (1953), 123 Ind.App. 438, 110 N.E.2d 309, or by other evidence demonstrating the intent or understanding of the parties. *Fiat Distributors, supra; Jackman Cigar Mfg. Co. v. John Berger & Son Co.* (1944), 114 Ind.App. 437, 52 N.E.2d 363. No specific property owner is named in the contract, nor are property owners as a class named. Furthermore, the contract addresses only the rights and obligations of the two parties; it contains no provisions which demonstrate an intent to benefit any other person. *Compare Freigy v. Gargaro Co.* (1945), 223 Ind. 342, 60 N.E.2d 288 (Contractor under sewer contract has no general duty to property owners; however a provision that he will pay all damages associated with the work may create a duty enforceable by a property owner whose property has been damaged.) Nor is there any other evidence that the parties intended a direct benefit to the property owner.

Second, the contract did not transfer a duty in favor of a third party from the Whitley County Drainage Board to Mogensen. The drainage board has statutory jurisdiction over regulated drains in the county.[2] This jurisdiction extends over the maintenance and repair of such drains, including the ability to assess property owners for the costs,[3] and the power to contract with an outside contractor for construction or maintenance of a drain.[4] The Whitley County Drainage Board has the duty to maintain regulated drains, such as Goble Drain, in Whitley County. This duty did not shift to Mogensen when the drainage board contracted with him for maintenance work on Goble Drain; it remained with the board. Martz asserts that he is a third party beneficiary of the contract because he, as a property owner, was assessed for

---

1. For the purposes of this discussion, the rights of Martz and his co-owners need not be distinguished from the rights of their predecessors in interest.

2. IC 1976, 19–4–1–1 *et seq.* (Burns Code Ed.) (now replaced by IC 1976, 36–9–27–1 *et seq.* (Burns Code Ed., 1981 Repl.)).

3. IC 1976, 19–4–4–1 *et seq.* (Burns Code Ed.) (now replaced by IC 1976, 36–9–27–34 *et seq.* (Burns Code Ed., 1981 Repl.)).

4. IC 1976, 19–4–7–4 (Burns Code Ed.) (now replaced by IC 1976, 36–9–27–77 (Burns Code Ed., 1981 Repl.)).

the cost of the contract.[5] This assessment alone does not make the property owner a third party beneficiary. The drainage board retains its statutory duty to maintain drains and its statutory power to assess the funds necessary for that maintenance.[6] As long as the drainage board did not impose an obligation in favor of Martz and his co-owners on Mogensen, Martz and his co-owners have no right to enforce the contract. *Rawlings v. Vreeland* (1920), 76 Ind. App. 209, 127 N.E. 786. Furthermore, both parties consider the contract to have been fully performed.

Finally, Martz seeks damages for breach of contract because the property in question was not tillable until additional work had been done by another contractor. Martz has not alleged any problem with drainage on his land, but he asserts that proper performance of the contract would have rendered the land tillable. The right enforced by a third party beneficiary must have been intended by the parties. *Freigy, supra; Rawlings, supra.* The fact that performance of the terms of a contract is beneficial to a third party is not sufficient; that performance "must necessarily result in a direct benefit to a third party which was so intended by the parties." *Fiat Distributors, supra.* Making land tillable was not a benefit which the parties intended to confer on Martz and his co-owners; therefore Martz cannot collect damages for Mogensen's failure to do so.

Martz and his co-owners were not third party beneficiaries to the contract between Mogensen and the Whitley County Drainage Board. Therefore, the trial court erred in determining that Mogensen was liable to Martz on the contract for expenses incurred in preparing the land for cultivation.

Reversed.

HOFFMAN, P. J., and GARRARD, J., concur.

---

**5.** At one time, the property owner had a statutory right to sue on the contractor's bond for damages. IC 1926, § 6182 (Burns Code Ed.). This statute was strictly construed, *see State v. United States Fidelity & Guaranty Co.* (1930), 92 Ind.App. 4, 172 N.E. 656, and has been repealed. Because the statutory right no long-

er exists, the property owner cannot enforce the contract unless he is a third party beneficiary.

**6.** IC 1976, 19–4–7–10 (Burns Code Ed.) (now replaced by IC 1976, 36–9–27–84 (Burns Code Ed., 1981 Repl.)).