David J. HARRIS, D.D.S., and Michiana Oral and Maxillofacial Surgery, Inc., Appellants–Defendants,

v.

Mary J. RAYMOND and Robert E. Raymond, Donna Bennett, Commissioner of Insurance and G. Anthony Bertig, Appellees–Plaintiffs.

No. 71A05–9604–CV–162.

Court of Appeals of Indiana.

June 12, 1997.

William F. Satterlee, Michael P. Blaize, Jack A. Kramer, Hoeppner, Wagner & Evans, Valparaiso, Kevin Charles Murray, Sandra Boyd Williams, Locke Reynolds Boyd & Weisell, Indianapolis, for Appellants–Defendants.

Debra Lynch Dubovich, Levy & Dubovich, Highland, and Priscilla Herochik, Merrillville, for Appellees–Plaintiffs.

## OPINION

BARTEAU, Judge.

This is an appeal from denial of a motion for summary judgment. Mary J. Raymond (Mary) and Robert E. Raymond filed a proposed complaint for medical malpractice against David J. Harris, D.D.S. and Michiana Oral and Maxillofacial Surgery, Inc. (Dr. Harris). Dr. Harris filed a motion for summary judgment seeking a preliminary determination of the legal defense of statute of limitation pursuant to Indiana Code section 27–12–11–1. After a hearing, the trial court denied the motion for summary judgment. Dr. Harris appeals.

### FACTS

Dr. Harris performed surgery to repair Mary's temporo mandibular joint (TMJ) dysfunctions on June 11, 1986. During the surgery, Dr. Harris inserted Vitek Proplast Teflon disks into Mary's jaw. Mary followed up with Dr. Harris after the surgery and her last visit for TMJ problems was on July 25, 1988. Mary was to continue with Dr. Harris on an "as-needed" basis. On July 12, 1990, Mary, at the request of her dentist, had two teeth removed by Dr. Harris. Sometime in 1991, Dr. Harris replied to an inquiry concerning the implants by an insurance adjuster following a work related injury to Mary's jaw. When Mary moved to Arizona later in 1991, she provided Dr. Harris with her new address. Mary also placed telephone calls to Dr. Harris's office in July, 1992 and again on April 5, 1993.

The Federal Drug Administration [FDA] issued an alert concerning the safety of Vitek Proplast Teflon disks in December of 1990. Dr. Harris became aware of the alert in December 1991. It was recommended by the FDA that all patients with the implants be notified of the potential danger and be advised to have the implants checked. Dr. Harris instructed his staff to prepare a list of all patients who received the implants and to contact those patients. Mary's name was not on the list and she did not receive notification.

Mary discovered in April of 1993 that she had received Vitek Proplast implants and that they had ruptured, causing numerous problems. Mary had the implants surgically removed on April 28, 1993. Mary filed her proposed complaint for medical malpractice against Dr. Harris on August 16, 1993.

### DISCUSSION

Dr. Harris contends that he is entitled to summary judgment because the Raymonds' complaint was filed outside of the occurrence-based two-year statute of limitations for medical malpractice actions contained in Indiana Code section 27–12–7–1(b) (1993). Subsequent to this case being fully briefed, a panel of this court found Indiana's occurrence-based medical malpractice statute of limitations unconstitutional. *Martin v. Richey*, 674 N.E.2d 1015 (Ind.Ct.App.1997). The statute was found constitutionally infirm on two grounds. First, it was found to violate article 1, § 23 of the Indiana Constitution, the equal privileges and immunities clause, in that medical malpractice victims are treated

differently than other tort victims who enjoy a discovery-based statute of limitations. Second, it was found to violate article I, § 12 of the Indiana Constitution, the open courts provision, because the occurrence based-medical malpractice statute of limitations abrogates the right to a complete tort remedy. Because we agree with the reasoning and holding of *Martin,* we reject Dr. Harris's contention that he is entitled to summary judgment due to the Raymonds' failure to file their complaint within two years of Mary's last visit to Dr. Harris.

The trial court's denial of summary judgment is affirmed.

FRIEDLANDER and RUCKER, JJ., concur.