Charlotte JOHNSON, Appellant–Plaintiff,

v.

Arjum GUPTA, M.D., and Wallace Sherritt, D.O., Appellees–Defendants.

No. 64A03–9611–CV–401.

Court of Appeals of Indiana.

July 21, 1997.

Richard A. Miller, Gouveia & Miller, Merrillville, for Appellant–Plaintiff.

David C. Jensen, Sherry L. Clarke, Judith I. Snare, Eichhorn & Eichhorn, Hammond, for Appellees–Defendants.

## OPINION

STATON, Judge.

Charlotte Johnson appeals the trial court's grant of summary judgment in favor of Arjum Gupta, M.D. She presents two issues for our review which we restate as follows:

I.  Whether the Indiana Medical Malpractice Act's occurrence-based statute of limitations violates Article 1, Section 12 of the Indiana Constitution.

II. Whether the Indiana Medical Malpractice Act's occurrence-based statute of limitations violates Article 1, Section 23 of the Indiana Constitution.

We affirm.

The facts most favorable to Johnson, the non-movant, reveal that Gupta performed a hemorrhoidectomy and mucopexy on Johnson in September 1990. Johnson then began experiencing fecal incontinence. Gupta assured Johnson that the symptoms would disappear. Johnson saw other doctors in her effort to find the cause of her incontinence. In 1994, a doctor in Ohio discovered that her rectum had been severed during the surgery in 1990, which gave her a complete and total loss of control over her anal sphincter. The only treatment for this condition was a colostomy.

After Johnson filed her malpractice claim, Gupta moved for summary judgment because the statute of limitations had expired on Johnson's claim. The trial court granted Gupta's motion and this appeal ensued.

## I.

### Open Courts

Johnson first argues that the two-year occurrence-based statute of limitations of the Medical Malpractice Act [1] (the "Act") violates Article 1, § 12 of the Indiana Constitution.[2] Johnson reasons that because she was unable to discover Gupta's malpractice until after the statute of limitations had expired, she was denied access to the courts as required by § 12. We note initially our standard of review for summary judgment. Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). The burden is on the moving party to prove there are no genuine issues of material fact and he is entitled to judgment as a matter of law. Once the movant has sustained this burden, the opponent must respond by setting forth specific facts showing a genuine issue for trial; he may not simply rest on the allegations of his pleadings. Stephenson v. Ledbetter, 596 N.E.2d 1369, 1371 (Ind.1992). At the time of filing the motion or response, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion. T.R. 56(C).

When reviewing an entry of summary judgment, we stand in the shoes of the trial court. We do not weigh the evidence but will consider the facts in the light most favorable to the nonmoving party. Reed v. Luzny, 627 N.E.2d 1362, 1363 (Ind.Ct.App.1994), reh. denied, trans. denied. We may sustain a summary judgment upon any theory supported by the designated materials. T.R. 56(C).

■ The Open Courts provision of the Indiana Constitution has received a fair amount of scrutiny in the last twenty years. Our courts have addressed whether various limitations on liability, such as the Act's statute of limitations, violate § 12. See, e.g., Bunker v. Nat'l Gypsum Co., 441 N.E.2d 8 (Ind.1982), cert. dismissed, 460 U.S. 1076, 103 S.Ct. 1761, 76 L.Ed.2d 338 (1983) (statute of limitations for asbestos exposure); Dague v. Piper Aircraft Corp., 275 Ind. 520, 418 N.E.2d 207 (1981), reh. denied (products liability statute of limitations); Johnson v. St. Vincent Hospital, Inc., 273 Ind. 374, 404 N.E.2d 585 (1980) (medical malpractice statute of limitations); Dillon v. Chicago So. Shore & No. Bend RR Co., 654 N.E.2d 1137 (Ind.Ct.App.1995), reh. denied (Indiana Tort Claims Act limitations on liability). In each instance, the statute was held to be constitutional. Recently, however, another district of this court determined that the Act violates § 12 because a plaintiff's claim could be barred before the injury is discovered. Martin v. Richey, 674 N.E.2d 1015 (Ind.Ct.App. 1997), reh. denied. We disagree with the reasoning of the Martin Court and decline to follow its analysis. Instead, we will follow the established precedent of the Indiana Supreme Court.

■ Contrary to the Martin Court's interpretation, § 12 does not require that every plaintiff have a remedy for injuries suffered.

1. IND.CODE § 27–12–7–1 (1993).

2. Art. 1, § 12 provides:
All courts shall be open; and every person, for injury done to him in his person, property, or reputation, shall have remedy by due course of law. Justice shall be administered freely, and without purchase; completely, and without denial; speedily, and without delay.

Our courts have long recognized that " 'there may be a claim or demand without any right to sue for its recovery.' " *State v. Rendleman*, 603 N.E.2d 1333, 1337 (Ind.1992) (quoting *May v. State*, 133 Ind. 567, 33 N.E. 352, 353 (1893)).

The Indiana Constitution does prohibit the legislature from taking away vested property rights created by the common law. *Johnson*, 404 N.E.2d at 594 (citing *Munn v. Illinois*, 94 U.S. 113, 24 L.Ed. 77 (1876)). However, there are no vested rights or property rights at issue here. A claim for medical malpractice stems from a common law duty owed by a physician to a patient. *Johnson*, 404 N.E.2d at 594. A plaintiff has no vested right in a remedy for a cause of action which had not accrued at the time a limitation was placed on the cause of action. *Dague*, 418 N.E.2d at 213. Neither does a plaintiff have a vested or property right in any common law rule. *Id.* "[T]he right to bring a common law action is not a fundamental right." *Id.* Instead, the legislature has the power to modify or restrict common law rights and remedies in cases involving personal injury. *Rendleman*, 603 N.E.2d at 1336.[3]

The occurrence statute of limitations found in the Act is one such restriction enacted by the legislature. It made the policy decision that, to ensure the availability of malpractice insurance for Indiana doctors, and, in turn, medical services for Indiana residents, a more stringent statute of limitations was necessary.[4] Simply because the legislature has abolished or restricted a remedy does not render a statute unconstitutional. *Id.*

In this case, the legislature has restricted the right to a remedy for malpractice by requiring that claims be filed within two years of the alleged malpractice. Contrary to the *Martin* Court's characterization of this requirement as being the equivalent of dying before being conceived, an occurrence-based statute of limitations is not absurd. *Martin*, 674 N.E.2d at 1027. The statute of limitations does not begin to run before the claim exists. The claim exists as soon as the malpractice occurs. The plaintiff is simply not aware of the claim at that time.

While we agree with the *Martin* Court that we should not sleepwalk our way through the law, we find no compelling reason not to follow established precedent based upon sound analysis and reasoning. We reject the *Martin* Court's analysis of § 12 as unworkable. Instead, we conclude that the Act does not violate § 12.

## II.

### *Equal Privileges*

Johnson also argues that the Act violates Art. 1, § 23 of the Indiana Constitution.[5] The rights and protections guaranteed by § 23 are not co-extensive with the equal protection guaranteed by the Federal Constitution. *Collins v. Day*, 644 N.E.2d 72, 75 (Ind.1994). Where a statute confers unequal privileges or immunities to various classes of persons, two factors must be considered to determine whether the statute violates § 23.

First, the disparate treatment accorded by the legislation must be reasonably related to inherent characteristics which distinguish the unequally treated classes. Second, the preferential treatment must be uniformly applicable and equally available to all persons similarly situated.

*Id.* at 80.

In analyzing the constitutionality of a statute under § 23, we must give considerable defer-

---

**3.** The *Martin* Court holds that the Framers intended to prevent the legislature from altering or abolishing the common law. *Martin*, 674 N.E.2d at 1026. This is contrary to settled Indiana precedent that one of the "functions of legislation is to change the common law to reflect change of time and circumstances." *Dague*, 418 N.E.2d at 213. Under the reasoning of the *Martin* Court, the legislature would be unable to abolish outdated common law actions such as alienation of affections because it was a common law right of action.

**4.** *See Johnson*, 404 N.E.2d at 595 for a more detailed discussion of the policy reasons for the Act.

**5.** Art. 1, § 23 provides:

The General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities, which, upon the same terms, shall not equally belong to all citizens.

ence to the legislature's balancing of the competing interests. *Id.* The statute is presumed to be constitutional and the challenger must negate " 'every conceivable basis which might have supported the classification.' " *Id.* (quoting *Johnson,* 404 N.E.2d at 597).

We now apply the *Collins* analysis to the Act's statute of limitations. Under the Act, medical malpractice claimants and health care providers are treated differently than other personal injury claimants. This disparate treatment is based upon the claimant's status as patients and the fact that the injuries arose from a breach of the duty owed by a health care provider. *Johnson,* 404 N.E.2d at 597. Too, the health care providers are distinguished by the type of services they render. *Id.* This disparate treatment is a response to the reduction in health care services available to Indiana residents and the financial uncertainties in the health care industry. *Id.* Thus, there is a reasonable relationship between the legislation and the inherent characteristics which distinguish the class receiving the unequal treatment. *Rohrabaugh v. Wagoner,* 274 Ind. 661, 413 N.E.2d 891, 894–95 (1980), *reh. denied.*

The Act's statute of limitations also survives the second prong of the *Collins* analysis. The second prong requires equal treatment within the class of malpractice claimants. It has been argued that all members of the class are not treated equally because those who do not discover the malpractice within the two years are barred from filing claims while those who do discover the malpractice within two years are allowed to proceed with their claims. This is not different treatment because all malpractice claimants have two years from the date of the occurrence to file a claim. Even those who discover the malpractice have only two years from the date of the occurrence. They are not awarded any "bonus time" by virtue of that discovery. The only difference is in the result of the treatment. The unequal results caused by the statute of limitations can be harsh, but that does not render it unconstitutional because the limitation is reasonable in light of other policy considerations. *Havens v. Rit-*

*chey,* 582 N.E.2d 792, 795 (Ind.1991). Accordingly, because the unequal treatment afforded medical malpractice claimants is reasonably related to the distinguishing characteristics of the class and the treatment is uniformly applied to all class members, we conclude that the Medical Malpractice Act does not violate Art. 1, § 23.

Affirmed.

GARRARD, J., concurs.

FRIEDLANDER, J., dissents with separate opinion.

FRIEDLANDER, Judge, dissenting.

I respectfully dissent from the majority's affirmance of summary judgment in favor of the appellees.

The majority affirms summary judgment based upon its conclusion that the two-year, occurrence-based statute of limitations in the Medical Malpractice Act is constitutional. In so holding, the majority rejects *Martin v. Richey,* 674 N.E.2d 1015 (Ind.Ct.App.1997). The *Martin* panel concluded that the statute of limitations in question runs afoul of the open court guarantee contained in Article 1, § 12 of the Indiana Constitution. I agree with the *Martin* analysis and conclude that the statute of limitations is unconstitutional. *See also Harris v. Raymond,* 680 N.E.2d 551 (Ind.Ct.App.1997) (agreeing with *Martin* that the statute of limitations is unconstitutional).

I would reverse summary judgment upon my conclusion that the occurrence-based statute of limitations in the Medical Malpractice Act is unconstitutional.