Vance *et al. v.* Vance *et al.*

———

No. 7498.

VANCE ET AL. *v.* VANCE ET AL.

WILL.—*Action to set aside.—Evidence.—Conversations.—Practice.*—Upon the trial of an action to set aside a will, on account of the alleged mental unsoundness of the testator and the use of undue influence, it is not error to exclude evidence of conversations of the testator, which do not tend to prove either unsoundness of mind or the exercise of undue influence.

SAME.—*Instruction.—Practice.—Directing Verdict.—Evidence.*—Where, in such case, the evidence submitted to the jury is insufficient to entitle the plaintiff to a verdict, it is the duty of the court to instruct the jury to return a verdict for the defendant.

Vance *et al.* *v.* Vance *et al.*

From the Henry Circuit Court.

*J. H. Mellett* and *E. H. Bundy*, for appellants.
*J. Brown* and *J. T. Mellett*, for appellees.

BICKNELL, C.—This was a suit by the appellants, who were the children and heirs at law of David Vance, deceased, against the appellees, who were a son and the widow of the deceased, to set aside his last will.

The complaint alleges unsoundness of mind in the testator, and that the execution of the will was procured by undue influence. The language of the complaint is, that the testator was "not of sound mind," and that "said last will was unduly executed." It is not averred by whom the supposed undue influence was exerted. The defendants answered by a general denial. The issues were submitted to a jury. Evidence was introduced by the appellants, but the appellees offered no testimony.

During the trial, the appellants proposed to prove certain conversations of the testator with three of his daughters. One of them was, that about three years before the making of the will, the daughter, at a Baptist meeting, asked her father if he would have something to eat, and he said yes, and stretched out his hand to receive it, when the appellee Jane Vance, his wife, told him not to take it, and he did not take it. Another was, that in September, 1875, the testator said to another daughter, that his wife was worrying him to death about making a will, and sitting up of nights and refusing to go to bed, and he was afraid she would go crazy; to which the daughter replied, "You had better make the will," and he answered, "Some things I'll do to please her, and some things I won't." Another was a conversation, like the last, between the testator and another daughter, in which the testator also said: "I do not intend to do it; the law of Indiana is a good enough will for me."

The court refused to permit these conversations to be given

in evidence; the appellants offering to prove them, for the purpose of showing that the appellee Jane Vance, the testator's wife, had "absolute control and power" over his will, actions and conduct, and also to prove the unsoundness of his mind. The proper exceptions were taken to these refusals. The jury found a verdict for the appellees.

The appellants moved for a new trial, because, first, the verdict was not sustained by sufficient evidence; second, the verdict was contrary to law. The third, fourth and fifth reasons for a new trial alleged error of the court in refusing to allow proof to be made of the conversations, hereinbefore mentioned, between the testator and his three daughters.

The sixth reason for a new trial alleged error of the court, in instructions given to the jury of its own motion, which instructions were as follows: "The evidence of the plaintiffs in this case is not sufficient to entitle them to a verdict; you will therefore return a verdict for defendants." This was all the charge given to the jury by the court. The only error assigned here is, that the court below erred in overruling the motion for a new trial.

The verdict was in accordance with the evidence, and was not contrary to law. It appeared that the testator was more than seventy years old. Five or six years before he made his will, he was injured by a falling tree, which knocked out one eye and produced a cataract in the other, with partial paralysis of the left side of his body. For about a year he was entirely blind, and he had to be led about like a child; but his remaining eye was cured by a doctor in Cincinnati, and thereafter he could see very well and could attend to his affairs. His age and the shock of his severe injuries made him feeble, and sometimes irritable and childish, and, as the witnesses said, "notionate;" but no witness testified that his mind was unsound, or that he was under the undue influence of anybody. A feeble old man, hurt as he was, would naturally rely, and ought to rely, on the woman who

had borne and brought up his large family of well-to-do-children, and she ought to watch over him and care for him, as this woman did ; but there is not a sign, in the evidence, of undue influence of any sort, nor is there any indication of unsoundness of mind.   He wrote his will ; he took it to the town ; he sought out his witnesses, told them he was going away and wanted to settle his affairs, and that the paper he showed them was his will, and he told them where to sign their names.   The will itself is a sound and judicious instrument, with no mental weakness about it ; it provides for his wife for life, and afterward for his children, giving the girls the portions usual in such cases, and a larger share to the two sons, somewhat more to the younger than to the elder.   There is nothing extraordinary in these provisions, and the special directions in the will show sagacity and sound judgment.

We think there was no error in excluding the evidence of the conversations with the three daughters.   It was altogether immaterial ; none of it had any tendency to prove either unsoundness of mind or undue influence.   It was clearly within the discretion of the court to exclude it.

The charge of the court was fully warranted by the testimony.   Where, upon the trial of an action by a jury, there is no evidence submitted to the jury, which shows a cause of action in the plaintiff, it is the duty of the court to direct the jury to find for the defendant.   *Dodge* v. *Gaylord*, 53 Ind. 365.   The judgment of the court below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be, and the same is hereby, in all things affirmed, at the costs of the appellants.