# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1888, IN THE SEVENTY-
THIRD YEAR OF THE STATE.

◆

No. 13,667.

### DAVIS v. THE CITY OF CRAWFORDSVILLE.

MUNICIPAL CORPORATION.—*Street Improvements.*—*Injury to Property-Owner
by Water.*—*Liability of Corporation.*—A municipal corporation is liable
in damages if it collects water in an artificial channel and pours it upon
the land of another; but it is not liable for consequential damages
caused by the grading and improvement of its streets, unless the work
be negligently performed.

From the Montgomery Circuit Court.

*B. Crane* and *A. B. Anderson,* for appellant.

*W. W. Thornton, P. S. Kennedy* and *S. C. Kennedy,* for ap-
pellee.

ELLIOTT, C. J.—Appellant's counsel say that: "The the-
ory upon which the complaint is drawn is, that a municipal
corporation has no right to collect surface water in an artifi-
cial channel and cast it in a body upon another's property."
The theory is sound, for a municipal corporation is liable in

damages if it collects water in an artificial channel and pours it upon the land of another. *City of Evansville* v. *Decker*, 84 Ind. 325 (43 Am. Rep. 86); *City of Crawfordsville* v. *Bond*, 96 Ind. 236; *Lipes* v. *Hand*, 104 Ind. 503; *Rice* v. *City of Evansville*, 108 Ind. 7; *City of Terre Haute* v. *Hudnut*, 112 Ind. 542, 548; *Pye* v. *City of Mankato*, 36 Minn. 373 (1 Am. St. 671, and authorities collected in note). If the complaint embodies this theory and contains facts supporting it, then the court erred in sustaining the demurrer of the appellee. But the question is, does the complaint do this? This question must be determined from the allegations of that pleading. They are, in substance, these: That the city opened new streets, some running parallel with Main street and some intersecting it; that it so established the grade of the new streets as to drain and collect the surface water from a large scope of land in the western part of the city and divert it from its natural course into Main street; that the water thus drawn into Main street and cast upon the plaintiff's land was fully four-fifths of all the water which now runs through that street, and that it was thus caused to flow upon plaintiff's land, which, before that time, was dry and free from overflow. Our judgment is, that the complaint neither embodies the theory now declared by counsel to be that upon which they base a right to a recovery, nor states facts supporting it. The facts pleaded do no more than supply the basis for the conclusion that the plaintiff suffered an injury from the grading and improvement of the streets of the municipality. They do not, therefore, constitute a cause of action. For many years it has been the settled law of this State that a municipal corporation is not liable for consequential damages caused by the grading and improvement of its streets, unless the work was negligently performed. *Macy* v. *City of Indianapolis*, 17 Ind. 267; *Weis* v. *City of Madison*, 75 Ind. 241, and cases cited; *Cummins* v. *City of Seymour*, 79 Ind. 491; *Platter* v. *City of Sey-*

*mour,* 86 Ind. 323; *City of North Vernon* v. *Voegler,* 103 Ind. 314; *Rice* v. *City of Evansville, supra.*

The trial court did not err in sustaining the demurrer to the complaint.

Judgment affirmed.

