Filed Jan. 8, 1892.

---

No. 441.

## THE CITY OF NEW ALBANY v. RAY.

MUNICIPAL CORPORATION.—*Improvements.*—*Defective Drainage.*—*Liability.*—In an action against a city for damages for wrongfully collecting a large body of surface water upon a public alley, by artificial means, without providing any outlet therefor, whereby the plaintiff's premises were overflowed, the complaint alleged that the defendant wrongfully excavated alongside of the plaintiff's house in said alley, a hole, and caused to be drained therein the water falling and flowing upon said alley, without providing any outlet therefor, thereby causing said hole to fill up with water and overflow plaintiff's cellar, etc.

*Held,* that the complaint sufficiently showed that the city was engaged in a municipal undertaking from which the alleged injury resulted.

SAME.—*Unskilful Plan.*—The work was done according to the terms of the contract, and the imperfection was in the plan, and not in its execution.

*Held,* that the city was answerable.

PRACTICE.—*Instructions.*—*Directing Verdict.*—It is within the power of the trial court to control the verdict by instructions only when there is a total absence of evidence upon some essential issue, or where there is no conflict, and the evidence is susceptible of but one inference.

From the Floyd Circuit Court.

*C. L. Jewett* and *H. E. Jewett,* for appellant.

*J. V. Kelso* and *C. D. Kelso,* for appellee.

CRUMPACKER, J.—Ray sued the city of New Albany for wrongfully collecting a large body of surface water upon a public alley, by artificial means, without providing any out-

let therefor, whereby the plaintiff's premises were overflowed and damaged.

There are three paragraphs of complaint, to each of which a demurrer was filed and overruled. An answer was filed and the cause was tried by a jury. A verdict was returned in favor of the plaintiff, upon which judgment was rendered.

The first question for decision arises upon the demurrer to the first paragraph of complaint.

It is insisted that this paragraph does not show that the city was engaged in any municipal undertaking from which the alleged injury resulted. The averments upon this subject are as follows: "That said defendant, without right, wrongfully and unlawfully dug and excavated alongside of her said house in said public alley, a hole sixty feet long, twenty feet wide and two feet deep, and caused to be drained therein the water falling and flowing upon said alley, without providing any outlet therefor, thereby causing said hole to fill up with water and overflow into plaintiff's said cellar, etc."

By express statutory provision municipal corporations have exclusive control of streets and alleys, and the establishment and maintenance of drains and sewers. It appears from the allegations quoted above that the city excavated a basin upon a public alley, into which it drained such alley, and provided no outlet for the water; and this, we think, was sufficient to show that work was done in the execution of a corporate power. The power of a city to improve streets or construct drains does not depend upon the formal adoption by the common council of any plan or system for such improvement or drainage.

Where a city, by artificial means, collects a body of water it must use reasonable care to provide an adequate outlet therefor, and, if it fails to do this, and an injury results to private property in consequence thereof, the city is liable for the damages. *Town of Monticello* v. *Fox, post*, p. 481; *Davis* v. *City of Crawfordsville*, 119 Ind. 1; *Rice* v. *City of Evans-*

*ville*, 108 Ind. 7; *City of Evansville* v. *Decker*, 84 Ind. 325; *Weis* v. *City of Madison*, 75 Ind. 241; *City of Indianapolis* v. *Lawyer*, 38 Ind. 348.

There was no error in the ruling upon the demurrer.

Instructions were asked at the proper time, directing a verdict in favor of the appellant. They were properly refused, as there was evidence fairly tending to prove a liability upon the part of appellant. It is within the power of the trial court to control the verdict by instructions only where there is a total absence of evidence upon some essential issue, or where there is no conflict, and the evidence is susceptible of but one inference. *Tennessee, etc., Co.* v. *Sargent*, 2 Ind. App. 458; *Hall* v. *Durham*, 109 Ind. 434; *Wabash R. W. Co.* v. *Williamson*, 104 Ind. 154; *Vance* v. *Vance*, 74 Ind. 370; *Dodge* v. *Gaylord*, 53 Ind. 365.

It is further insisted that the work upon the alley was done by competent contractors, and if any injury resulted therefrom they would be responsible and not the city.

There was ample evidence showing that the work was done according to the terms of the contract, and the imperfection was in the plan and not in its execution. An imperfect and unskilful plan was adopted, the execution of which caused a large body of surface water to collect in a basin excavated in the alley adjacent to appellee's house without any outlet whatever, and the water thus collected was discharged into the appellee's cellar. For this wrong the appellant is unquestionably answerable. *City of Terre Haute* v. *Hudnut*, 112 Ind. 542; *City of North Vernon* v. *Voegler*, 103 Ind. 314.

There is no error in the record.

Judgment is affirmed.

Filed Jan. 8, 1892.