### THE TOWN OF THORNTOWN v. FUGATE ET AL.

[No. 2,725.    Filed February 2, 1899.]

MUNICIPAL CORPORATION.—*When Liable for Damages from Surface Water.*—An action will lie against a municipal corporation for collecting surface water and pouring it upon the land of another to his damage.   *p. 539.*

JUDICIAL NOTICE.—*Incorporation of Town.*—The Appellate Court will take judicial notice of the incorporation of a town.   *p. 540.*

APPEAL AND ERROR.—*Assignment of Error.—Complaint.*—Where the sufficiency of a complaint as a whole is assigned as error, and one of the two paragraphs thereof is good, the sufficiency of the other paragraph cannot be questioned.   *p. 540.*

MUNICIPAL CORPORATION.—*When Drain Will be Held to Have Been Constructed By.*—Where a ditch is shown to have been constructed under the supervision of a town marshal, and the work was accepted and paid for by the town, the construction of such ditch will be held to have been done under the authority of the town.   *pp. 540, 541.*

From the Boone Circuit Court.   *Affirmed.*

Town of Thorntown *v.* Fugate.

*P. H. Dutch, W. A. Dutch* and *F. M. Goldesbery,* for appellant.

*Ira M. Sharp,* for appellees.

HENLEY, J.—Appellees were the plaintiffs below, and commenced this action to recover for injuries to their real estate alleged to have been caused by appellant in collecting together surface water in a ditch or channel, and pouring it upon appellees' property. The complaint was in two paragraphs. Appellant answered by the general denial to both paragraphs of complaint. There was a trial, resulting in a verdict for appellees. Appellant's motion for a new trial was overruled, and judgment rendered in favor of appellees.

The errors assigned are, that the complaint does not state facts sufficient to constitute a cause of action, and that the lower court erred in overruling the motion for a new trial.

The first paragraph of complaint in this cause alleges that appellees are the owners of certain described real estate; that, quoting the language of the complaint, "the plaintiffs are, and for the past twenty years have been, the owners in fee simple, and in possession of the following described real estate in the town of Thorntown, Boone county, Indiana, to wit, Lots four, five, six, seven, eight, nine, in Cloud and Fisher's addition, in the town of Thorntown; that Bow street, in said town, runs east and west; that plaintiffs' said lots are situated on the north side of said street; that for a long distance south of plaintiffs' said lots, to wit, a distance of three hundred feet, the natural slope of the land is towards the northeast; that in the southwest part of the town of Thorntown and about one-quarter of a mile distant from the plaintiffs' lots, there is a natural ridge or elevation, about

six feet in height, extending in an irregular direction from southwest to northeast; that on the southeast side of said elevation, for a great number of years prior to 1896, there was, and still is, a depression in the surface of the earth, in which was collected a large body of surface water; that in 1896, about the month of July, the said defendant wrongfully and unlawfully constructed a certain ditch or drain extending from said pond through said natural elevation in a westerly direction, and thence north, across said Bow street, a distance of about a mile, to the south line of plaintiffs' lots; that said defendant constructed, and caused to be constructed, certain other lateral ditches or drains, which were connected by said defendant with said main ditch; that said lateral drains collected all of the surface water off a large area of land, to wit, about eighty acres, and caused the same, together with the water drained by said ditch from said pond, in one body to be cast and drained on plaintiffs' lots; that by reason thereof the soil has been washed away from plaintiffs' lots, and they have been to great expense in hauling earth to fill up and repair the washes occasioned by said ditch, and the value of plaintiffs' lots has been thereby greatly decreased; and the plaintiffs say, by reason of the facts above alleged, they have been, and are, damaged in the sum of $100."

We think the complaint good. It charges appellant with collecting surface water, and pouring it upon appellees' property, thereby damaging it. The rule that an action will lie against a municipal corporation for collecting surface water in a channel, and pouring it upon the land of another, is too well established to warrant a discussion of the subject. *Weis* v. *City of Madison*, 75 Ind. 241; *Davis* v. *City of Crawfordsville*, 119 Ind. 1; *City of New Albany* v. *Ray*, 3 Ind. App. 321; *Ashley* v. *City of Port Huron*, 35 Mich. 296;

*Gillison* v. *City of Charleston,* 16 W. Va. 282; *City of Aurora* v. *Gillett,* 56 Ills. 132; *Ross* v. *City of Clinton,* 46 Ia. 606.

This court will take judicial notice of the fact that appellant is an incorporated town, and it is provided by section 377, Burns' R. S. 1894 (374, Horner's R. S. 1897), that "neither presumptions of law nor matters of which judicial notice is taken need be stated in a pleading."

The first paragraph of complaint being sufficient, the sufficiency of the second paragraph cannot be questioned under appellant's assignment of error. *Chicago, etc., R. Co.* v. *Daily,* 18 Ind. App. 308; *Bank* v. *Cooper,* 19 Ind. App. 13; *Trammell* v. *Chipman,* 74 Ind. 474.

The motion for a new trial is based upon seven causes. The seventh reason is not discussed, and is therefore waived. Reasons one to six, inclusive, relate to the sufficiency of the evidence, and are discussed together. We think the evidence fairly sustains the material allegations of appellees' complaint. There is evidence to the effect that appellant, by its work in constructing and deepening a certain drain, caused large quantities of surface water to be collected and discharged upon the land described in the complaint; that said land is the property of appellees; that the water discharged upon appellees' premises is largely in excess of that which would naturally flow upon and over the same; and that appellees have suffered damage thereby. It is contended by counsel for appellant that it is not shown by the evidence in any legal or proper manner that appellant did or caused to be done the work which appellees claim resulted in turning the water upon their property. It is shown that the work was done under the supervision of the town marshal of the town of Thorn-

town (appellant), and was accepted and paid for by appellant. We believe this sufficient to show that the work was done by the order and under the authority of appellant. It is said in the case of the *City of New Albany* v. *Ray, supra:* "By express statutory provision municipal corporations have exclusive control of streets and alleys, and the establishment and maintenance of drains and sewers." Further along in the same opinon, it is said: "The power of a city to improve streets or construct drains does not depend upon the formal adoption by the common council of any plan or system for such improvement or drainage." Under the evidence, we think the trial court did not err in rendering judgment for appellees. Judgment affirmed.