## CITY OF VALPARAISO *v.* KYES.

[No. 4,288.   Filed February 5, 1903.]

MUNICIPAL CORPORATIONS.—*Drains.—Damages.—Complaint.*—A complaint against a city for damages resulting from the construction and use of a drain, alleging that the city collected in an artificial drain water which would naturally have flowed in directions other than toward plaintiff's premises, and, instead of constructing the drain and carrying the accumulated water therein beyond the real estate of the plaintiff, caused the drain to terminate near to and above plaintiff's real estate, whereby the surface-water, thus increased in quantity, and flowing with greater force, and the filth and noxious substances accumulated in its course, were cast against and upon plaintiff's real estate, to his damage, states a cause of action.

From Porter Superior Court; *H. B. Tuthill,* Judge.

Action by John Kyes against the city of Valparaiso for damages arising from the construction of a drain. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*A. D. Bartholomew,* for appellant.

*R. D. Kitchen, N. L. Agnew* and *D. E. Kelley,* for appellee.

BLACK, P. J.—The first paragraph of appellee's complaint, a demurrer to which for want of sufficient facts was overruled, contained averments that the appellant was, and for more than ten years had been, a municipal corporation under the general laws of this State; that the appellee was, at the time of the grievances complained of and for more than six years prior thereto, the owner in fee simple of certain real estate, described by metes and bounds, in said city; that the appellant caused to be made a surface drain, commencing at the northern limits of the city, and running thence in a southeasterly direction along, upon, and across the city, following a depression and natural watercourse of the neighborhood, and terminating at a

point sixty feet north of the appellee's real estate, and on the southern line of Water street; that the appellant drained into this surface drain large quantities of water collected in the northern, eastern, and southeastern limits of the city that naturally would flow toward the north, east, and southeast, through a drainage system other than the watercourse along which said surface drain was constructed, and diverted said surface-water from its natural watercourse, toward the north, east, and southeast, in which the water so collected naturally would flow, and drained the same into the surface drain aforesaid, and thereby unlawfully and wrongfully increased the flow, velocity, and volume of surface-water that naturally would flow through said surface drain; that the natural watercourse bounds said real estate of the appellee on the north and west; that the surface drain terminates at a point sixty feet north of the boundary line of the appellee's real estate, and the surface drain was by the appellant, in 1896, negligently constructed, so that the water discharged from the mouth of the surface drain was diverted and turned from its natural watercourse, which naturally ran on the western boundary line of appellee's real estate, and was discharged with great force, volume, and velocity upon and against the appellee's real estate; that by reason of the wrongful and negligent acts of the appellant aforesaid, large quantities of water, refuse, garbage, filth, and sewerage were discharged upon the appellee's real estate, and the grounds were washed away, and the air surrounding appellee's real estate was polluted and his home was rendered unhealthy and uninhabitable, and his real estate for residence purposes was thereby destroyed and rendered worthless, all to his damage in the sum of $1,000.

It appears in the briefs of counsel that the drain in question was constructed of brick, and, extending at varying depths beneath the surface along the course of a natural depression, ended in that depression a short distance above the appellee's real estate. This depression was not the

bed of a natural stream, or a natural watercourse, but was the natural outlet into a running stream of the surface-water from rain and snow. All this is in agreement with the complaint, which, however, might have been framed more satisfactorily by observing greater definiteness and particularity.

It sufficiently appears that the city collected into an artificial drain water which would naturally have flowed in directions other than toward the appellee's premises, and, instead of constructing the drain and carrying the accumulated water therein beyond the real estate of the appellee, caused the drain to terminate near to and above the appellee's real estate, whereby the surface-water, thus increased in quantity, and flowing with greater force, and the filth and noxious substances accumulated in its course, were cast against and upon appellee's real estate to his damage. The case, under the averments of the pleading, was one for the wrongful use made of the drain, in thereby collecting and diverting surface-water which naturally would have flowed away from the appellee's land, and causing it to flow in volume so increased, and with force so augmented, and to be cast, with offensive substances borne by it, against and upon his land.

There is and can be no question as to the right of a city to construct such a drain for carrying off the surface-water, and thereby benefiting its streets and protecting the health of the inhabitants of the city; but a municipal corporation can not, without liability, divert surface-water from its natural course by such an artificial channel, and thereby cause it to flow in a body upon adjacent property; and, having so collected such surface-water into a body, it became the duty of the city to make reasonable provision, as by the continuation of the drain beyond the appellee's premises, whereby the collected water would have passed on its course toward the natural stream without such injury to the appel-

lee's real estate. *Ashley* v. *City of Port Huron,* 35 Mich. 296, 24 Am. Rep. 552; *Byrnes* v. *City of Cohoes,* 67 N. Y. 204; *Fremont, etc., R. Co.* v. *Marley,* 25 Neb. 138, 40 N. W. 948, 13 Am. St. 482; *Inman* v. *Tripp,* 11 R. I. 520, 23 Am. Rep. 520; *O'Brien* v. *City of St. Paul,* 25 Minn. 331, 33 Am. Rep. 470; *City of Indianapolis* v. *Lawyer,* 38 Ind. 348; *Weis* v. *City of Madison,* 75 Ind. 241, 39 Am. Rep. 135; *City of New Albany* v. *Lines,* 21 Ind. App. 380; *Town of Thorntown* v. *Fugate,* 21 Ind. App. 537.

This subject has been so thoroughly discussed in these and many other cases, and the matter is so well settled, that there is no sufficient occasion here for further remark upon the complaint. Other matters discussed by counsel are not sufficiently presented by the record.

Judgment affirmed.