**EARTH CONSTRUCTION AND ENGINEERING, INC.,
Defendant-Appellant,**

v.

**Karen DeMILLE, Plaintiff-Appellee.**

No. 3–383A63.

Court of Appeals of Indiana,
Third District.

March 14, 1984.

Charles W. McNagny, Barrett, Barrett & McNagny, Fort Wayne, for defendant-appellant.

Denver C. Jordan, Raver & Associates, Fort Wayne, for plaintiff-appellee.

GARRARD, Judge.

This is an appeal from a judgment awarding damages for flooding occasioned by surface waters following the construction of a sanitary sewer.

DeMille owned a house on the north side of Cook Road in the City of Fort Wayne. Across the road from DeMille's house was a field upon which grew a number of trees and bushes. Along Cook Road the field contained considerable brush and a slight depression or ditch.[1]

In the spring of 1981 Earth Construction and Engineering, Inc. was employed by the city to construct a sanitary sewer line on the south side of Cook Road. In doing so it cleared the trees, shrubs and brush from the field across from DeMille and eliminated the depression. Thereafter, on June 8, 13 and 21 following rainstorms, water flowed across Cook Road and flooded DeMille's lot and house. In October the city constructed a drainage ditch along the south side of Cook Road and DeMille experienced no further problems.

On November 5, 1981 DeMille brought suit for the damages she sustained from the flooding. Trial was held to the court and DeMille recovered judgment for $3,600. Earth Construction appeals.

The principle argument advanced is that the decision in *Argyelan v. Haviland* (1982), Ind., 435 N.E.2d 973 (Hunter, J. and Givan, C.J. dissenting) precluded the recovery. We are constrained to agree.

In *Argyelan* the court reaffirmed the 1878 statement of the court in *Taylor, Admr. v. Fickas* (1878), 64 Ind. 167, 173.

> "The right of an owner of land to occupy and improve it in such manner and for such purposes as he may see fit ... by changing the surface ... is not restricted ... by the fact that ... it will cause water, which may accumulate thereon by rains ... to stand in unusual quantities on other adjacent lands, or pass into or over the same....
>
> \* \* \* \* \* \*
>
> The obstruction of surface water or an alteration in the flow of it affords no cause of action ...."

---

1. While witness testimony referred to the depression as a "ditch" there was no evidence introduced that it was either a natural watercourse or an established ditch or drain. Nor was there evidence that prior to the sewer construction the "ditch" normally or regularly carried or contained water.

**986**

First, we note that neither the evidence and the court's findings nor the arguments of counsel on appeal present this case as involving the obstruction or alteration of an established watercourse.[2]

While in *Argyelan* the court acknowledged retention of the traditional exception to non-liability where someone channels the surface water or collects it into a body and then casts it upon another, the facts before us present no such situation.

▮ Of course, there are constitutional limitations applicable to governmental entities which forbid the taking of property without just compensation. However, our Supreme Court has long held that the consequential damages which may result from such activity as grading or changing the grade of a street do not as a matter of law constitute a taking. *Weis v. City of Madison* (1881), 75 Ind. 241. By analogy, the city was entitled to grade the area of the sewer installation, and no taking occurred simply as a consequence thereof.

▮ Finally, we acknowledge the status of Earth Construction as a contractor. However, the allegations and evidence against it establish no basis for liability other than its original removal of the trees, brush, etc. and elimination of the previously existing depression, and/or its failure to construct a drainage ditch at the time the work was done. Those allegations are equally applicable to the employer-owner, and as to them, Earth Construction is entitled to stand in the employer's shoes.[3] Since the employer was entitled to alter the surface water drainage without incurring liability pursuant to the "common enemy doctrine," Earth Construction did not incur liability simply because it performed the work.[4]

Reversed with instructions to enter judgment for the defendant.

STATON, P.J., and HOFFMAN, J., concur.

---

**2.** Even the complaint merely asserted the defendant had altered the "natural topography" of the area across the road.

**3.** The evidence disclosed that the trees and shrubs were removed at the request of the owner of the field.

**4.** The trial court expressly found that the work was performed in accord with the plans, specifications, etc. issued by the city.