Douglas and Beth LUHNOW, et al., Appellants–Plaintiffs,

v.

Eugene HORN, Donald R. Towne, Fulton County Surveyor, Steve Hartzler, Ron Jana and Art Showley, Commissioners, as Members, Fulton County Drainage Board, et al., Appellees–Defendants.

No. 25A05–0106–CV–241.

Court of Appeals of Indiana.

Dec. 20, 2001.

Jere L. Humphrey, Kizer & Neu, Plymouth, Indiana, Attorney for Appellant.

Dane L. Tubergen, Hunt Suedhoff Kalamaros, Fort Wayne, Indiana, Attorney for Appellee.

## OPINION

SHARPNACK, Chief Judge.

Douglas and Beth Luhnow (collectively, the "Luhnows")[1] appeal the trial court's grant of Eugene Horn's motion for summary judgment. The Luhnows raise two issues, which we expand and restate as:

1. Whether the law-of-the-case doctrine precluded the trial court from granting Horn's motion for summary judgment;

2. Whether the trial court erred by granting Horn's motion for summary judgment because the Luhnows are entitled as third-party beneficiaries to enforce the contract between the Fulton County Drainage Board ("Drainage Board") and Horn; and

3. Whether the trial court erred by granting Horn's motion for summary judgment on the Luhnows' claim of nuisance.

We affirm.

The facts most favorable to the Luhnows follow. The Luhnows own property in Fulton County that is drained by the Starr Tile Drain ("Starr Drain") and the Troutman Hogan Tile Drain ("Troutman Drain"). On May 13, 1996, the Drainage Board entered into a contract with Horn to replace the tile on the Starr and Troutman Drains, and the Luhnows were assessed for the replacements. After Horn's reconstruction of the drains, the Luhnows experienced a standing-water problem on their property.

The Luhnows filed a complaint against Horn that asserted two causes of action.[2] First, the Luhnows alleged that they were third-party beneficiaries to the contract between the Drainage Board and Horn and that Horn breached the contract by failing to install the tile on the Starr and Troutman Drains in a good and workmanlike manner. Second, the Luhnows alleged that Horn's work created a standing-water problem on their property that is a nuisance as defined by Ind.Code § 34-1-52-1.

In response to the Luhnows' complaint, Horn filed a motion for judgment on the pleadings pursuant to Ind. Trial Rule 12(C), or, in the alternative, a motion for summary judgment. Neither party submitted evidence in addition to the averments in the pleadings, nor relied upon matters outside the pleadings, at the hearing on Horn's motion for judgment on the pleadings. Accordingly, the trial court treated Horn's motion solely as a judgment on the pleadings pursuant to Ind. Trial Rule 12(C). The trial court then granted Horn's motion for judgment on the pleadings. In a prior appeal, we reversed. See *Luhnow v. Horn*, No. 25A04–0005–CV–190, mem. op. at 7, 736 N.E.2d 832 (Ind.Ct.App. October 13, 2000). Subsequently, Horn filed a motion for summary judgment, and the trial court granted summary judgment in favor of Horn.

---

1. The following persons are named as plaintiffs on the amended complaint: Douglas and Beth Luhnow, William and Joy Sheridan, Joe and Jane Newman, Robert and Angela Plummer, Garold and Betty Field, Verl and Beverly Kreamer, Robert Sutton, William and Brenda Plummer, Nancy Crow, Arthur and Margaret Gudas, Doug Luhnow, and Fred Luhnow. Because only the Luhnows are named on the Appellants' Brief, we refer to all appellants collectively as the Luhnows.

2. The Luhnows also asserted claims against the Drainage Board; however, the present appeal concerns only the Luhnows' claims against Horn.

A trial court's grant of summary judgment is "clothed with a presumption of validity." *Rosi v. Business Furniture Corp.*, 615 N.E.2d 431, 434 (Ind.1993). On review of a trial court's decision to grant or deny summary judgment, we apply the same standard as the trial court: we must decide whether there is a genuine issue of material fact that precludes summary judgment and whether the moving party is entitled to judgment as a matter of law. *Carie v. PSI Energy, Inc.*, 715 N.E.2d 853, 855 (Ind.1999). Once the moving party has sustained its initial burden of proving the absence of a genuine issue of material fact and the appropriateness of judgment as a matter of law, the party opposing summary judgment must respond by designating specific facts establishing a genuine issue for trial. *Stephenson v. Ledbetter*, 596 N.E.2d 1369, 1371 (Ind.1992). We may consider only those portions of the pleadings, depositions, and any other matters specifically designated to the trial court by the parties for purposes of the motion for summary judgment. Ind. Trial Rule 56(C), (H). Any doubt as to the existence of an issue of material fact, or an inference to be drawn from the facts, must be resolved in favor of the nonmoving party. *Cowe v. Forum Group, Inc.*, 575 N.E.2d 630, 633 (Ind.1991). Although the nonmovant has the burden of demonstrating that the grant of summary judgment was erroneous, we carefully assess the trial court's decision to ensure that the nonmovant was not improperly denied his day in court. *Colonial Penn Ins. Co. v. Guzorek*, 690 N.E.2d 664, 667 (Ind.1997).

### I.

The first issue is whether the law-of-the-case doctrine precluded the trial court from granting Horn's motion for summary judgment. The Luhnows argue that the law-of-the-case doctrine prohibited the trial court from granting Horn's motion for summary judgment because we had previously determined, based upon essentially the same evidence, that "we [could not] say that the Luhnows could not succeed on either their third-party beneficiary or nuisance claims." *Luhnow*, mem. op. at 7.

The law-of-the-case doctrine provides that an appellate court's determination of a legal issue binds both the trial court and the court on appeal in any subsequent appeal involving the same case and substantially the same facts. *Cha v. Warnick*, 476 N.E.2d 109, 114 (Ind.1985), *reh'g denied, cert. denied*, 474 U.S. 920, 106 S.Ct. 249, 88 L.Ed.2d 257 (1985). The purpose of the doctrine is to minimize unnecessary relitigation of legal issues once they have been resolved by an appellate court. *State v. Huffman*, 643 N.E.2d 899, 901 (Ind.1994), *reh'g denied; see also St. Margaret Mercy Healthcare Ctrs., Inc. v. Ho*, 663 N.E.2d 1220, 1223 (Ind.Ct.App. 1996). Accordingly, under the law-of-the-case doctrine, relitigation is barred for all issues decided "directly or by implication in a prior decision." *Certain Northeast Annexation Area Landowners v. City of Fort Wayne*, 622 N.E.2d 548, 549 (Ind.Ct. App.1993), *reh'g denied, trans. denied*. However, where new facts are elicited upon remand which materially affect the questions at issue, the court upon remand may apply the law to the new facts as subsequently found. *Fair Share Org., Inc. v. Mitnick*, 245 Ind. 324, 327, 198 N.E.2d 765, 766 (Ind.1964), *cert. denied*, 379 U.S. 843, 85 S.Ct. 82, 13 L.Ed.2d 48 (1964).

Our previous review of this case concerned an appeal from the trial court's grant of judgment on the pleadings in favor of Horn. *See Luhnow*, mem. op. at 2–7. In brief, the trial court granted Horn's motion for judgment on the pleadings, pursuant to Ind. Trial Rule 12(C), because it found that: (1) "the pleadings

clearly disclose that the [Luhnows] are not third-party beneficiaries of the contract ..." between the Drainage Board and Horn; and (2) recovery in Count II of the Luhnows' complaint is based upon the nuisance doctrine which is inapplicable to surface water cases. Appellants' Appendix at 73–74. We reversed the trial court's judgment because we could not say, based solely upon the allegations in the complaint pursuant to Ind. Trial Rule 12(C), that the Luhnows' third-party beneficiary or nuisance claims would fail. *Luhnow*, mem. op. at 5, 7.

Initially, we observe that the standards of review for judgment on the pleadings pursuant to Ind. Trial Rule 12(C) and summary judgment under Ind. Trial Rule 56(C) are quite different.[3] A judgment on the pleadings pursuant to Ind. Trial Rule 12(C) attacks the legal sufficiency of the pleadings. *National R.R. Passenger Corp. v. Everton By Everton*, 655 N.E.2d 360, 363 (Ind.Ct.App. 1995), *trans. denied.* When we consider a motion for judgment on the pleadings, we deem the moving party to have admitted "all facts well pleaded, and the untruth of his own allegations which have been denied." *New Trend Beauty School, Inc. v. Indiana State Bd. of Beauty Culturist Examiners*, 518 N.E.2d 1101, 1103 (Ind.Ct. App.1988). All reasonable inferences are drawn in favor of the nonmoving party and against the movant. *National*, 655 N.E.2d at 363. Like an Ind. Trial Rule 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, a motion for judgment on the pleadings should be granted only when it is clear from the face of the complaint that under

no circumstances could relief be granted. *Id.* By contrast, when reviewing a grant or denial of summary judgment, we consider, in addition to the pleadings, a variety of designated materials such as affidavits, interrogatories, and depositions. Ind. Trial Rule 56(C), (H). Moreover, in the summary judgment context, once the moving party alleges that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law, we require the nonmovant to set forth specific facts establishing a genuine issue of material fact and forbid the nonmovant from resting solely on the pleadings. *Mullin v. Municipal City of South Bend*, 639 N.E.2d 278, 281 (Ind.1994).

A.

First, the Luhnows argue that the law-of-the-case doctrine precluded the trial court from granting Horn's motion for summary judgment regarding the Luhnows' status as third-party beneficiaries of the contract between the Drainage Board and Horn. When we previously reversed the trial court's grant of judgment on the pleadings in favor of Horn on the issue of whether the Luhnows were third-party beneficiaries, we did not consider the merits of the Luhnows' complaint. Rather, because we were constrained by Ind. Trial Rule 12(C), we reviewed solely the pleadings and accepted all well-pleaded facts as true. In so doing, we observed that:

> In their complaint, the Luhnows stated that they "were third party beneficiaries of the contract entered into between [the Drainage Board] and [Horn]." ... By moving for judgment on the plead-

---

**3.** We recognize, however, that if on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Ind. Trial Rule 56.

*See* Ind. Trial Rule 12(C). Here, because the parties did not present any evidence in addition to the pleadings, the trial court and this court in the previous appeal properly reviewed Horn's motion for judgment on the pleadings under Ind. Trial Rule 12(C). *Id.*

ings, Horn is deemed to have admitted that fact to be in favor of the Luhnows and the trial court was required to construe that fact in the Luhnows' favor. *Whether or not the Luhnows actually were third-party beneficiaries is a decision that must be made at a later date, either in a motion for summary judgment or at trial.* Whether or not one is a third-party beneficiary is a fact question dealing with the intent of the contracting parties, and a judgment on the pleadings is not the proper vehicle for making that determination. Therefore, the trial court erred in granting the judgment on the pleadings with respect to whether or not the Luhnows were third-party beneficiaries.

*Luhnow,* mem. op. at 5 (emphasis added).

██ In granting Horn's subsequent motion for summary judgment regarding whether the Luhnows were third-party beneficiaries to the contract between the Drainage Board and Horn, the trial court did not overrule or contradict our earlier decision. Rather, Horn had given the trial court a different vehicle, equipped with a different standard of review, upon which to grant him judgment. While looking beyond the pleadings to the designated material, the trial court determined, as a matter of law, that the Luhnows were not third-party beneficiaries to the contract between the Drainage Board and Horn, and granted Horn summary judgment. Accordingly, the law-of-the-case doctrine is inapplicable to this issue, and the trial court acted appropriately when it considered Horn's motion for summary judgment regarding the Luhnows' claims as third-party beneficiaries. *See, e.g., North v. Newlin,* 435 N.E.2d 314, 319 (Ind.Ct.App.1982).

### B.

Second, the Luhnows contend that the law-of-the-case doctrine precluded the trial court from granting Horn's motion for summary judgment on the issue of whether the Luhnows had a cognizable claim against Horn under the nuisance doctrine. In our previous reversal of the trial court's grant of judgment on the pleadings in favor of Horn on the nuisance issue, we accepted the parties' classification of the water in dispute as surface water. We then observed that although the nuisance doctrine generally does not apply to surface water, we could not say as a matter of law that an easement bestows the status of landowner upon the drainage board for purposes of the common-enemy doctrine. We expressed that:

Although Horn has argued that the Board has the right-of-way over the land that lies within a minimum of seventy-five feet of a regulated drain, *we decline to decide here* how, if at all, that applies to the common enemy doctrine. The fact still remains that whether or not the right-of-way classifies the Board as a "landowner" and invokes the common enemy doctrine, there would be a genuine issue of material fact and judgment on the pleadings is improper.

*Luhnow,* mem. op. at 6 (emphasis added).

Further, in the previous appeal of this case, we determined that *Earth Construction* was factually distinguishable from the facts as plead in the pleadings because

the drain was in existence, and although it is not entirely clear, the fact that the Luhnows pleaded that they experienced damage to crops after the work was completed leads to the conclusion that there was no surface water problem until after tiles were replaced on an existing drain which, presumably, worked fine prior to the replacement. Given these facts, and our constraints to construe the facts most favorably to the Luhnows, we cannot say that the Luhnows could not, in any way, succeed

under the facts and allegations made in their complaint. *Id.* at 7 (referring to *Earth Construction & Eng'g, Inc. v. DeMille,* 460 N.E.2d 984, 986 (Ind.Ct.App.1984)).

However, in his motion for summary judgment, Horn presented evidence that, prior to the contract, the existing drains were not properly functioning and were in need of repair. Such evidence leads to the conclusion that the Starr and Troutman Drains were not functioning properly before the tile reconstruction. Because we expressly declined to decide whether the Drainage Board's right-of-way affected its status as a landowner under the common enemy doctrine and because Horn presented additional evidence on his motion for summary judgment to contradict our basis for previously distinguishing *Earth Construction,* the trial court did not contradict or redecide our earlier decision by granting Horn's motion for summary judgment on the nuisance issue. Consequently, no error occurred. *See, e.g., North,* 435 N.E.2d at 319.

## II.

The second issue is whether the trial court erred by granting Horn's motion for summary judgment because the Luhnows are entitled to enforce the contract between the Drainage Board and Horn as third-party beneficiaries. Generally, only parties to a contract or those in privity with them have the right to recover under a contract. *Garco Indus. Equip. Co. v. Mallory,* 485 N.E.2d 652, 654 (Ind. Ct.App.1985), *reh'g denied, trans. denied.* However, those not party to a contract may enforce the contract if they demonstrate that they are third-party beneficiaries. *St. Paul Fire & Marine Ins. Co. v. Pearson Constr. Co.,* 547 N.E.2d 853, 856 (Ind.Ct.App.1989), *trans. denied.*

A third party does not have the right to sue under a contract merely because he may derive an incidental benefit from the performance of the promisor. *Harvey v. Lowry,* 204 Ind. 93, 99, 183 N.E. 309, 311 (Ind.1932). Rather, to enforce a contract by virtue of being a third-party beneficiary, the third-party beneficiary must show:

(1) A clear intent by the actual parties to the contract to benefit the third party;

(2) A duty imposed on one of the contracting parties in favor of the third party; *and*

(3) Performance of the contract terms is necessary to render the third party a direct benefit intended by the parties to the contract.

*NN Investors Life Insurance Co. Inc. v. Crossley,* 580 N.E.2d 307, 309 (Ind.Ct.App. 1991), *trans. denied* (emphasis added). We have previously recognized that the intent to benefit the third party is the controlling factor and may be shown by specifically naming the third party or by other evidence. *Garco,* 485 N.E.2d at 654.

In this case, the Luhnows fail to meet two of the three criteria establishing third-party beneficiary status. First, the contract does not show a clear intent to directly benefit landowners, such as the Luhnows.[4] *Mogensen v. Martz,* 441

---

**4.** The Luhnows contend that they are third-party beneficiaries of the contract between the Drainage Board and Horn because it was the Drainage Board's intent to benefit landowners. To support this proposition, the Luhnows rely on *Centennial Mortgage, Inc. v. Blumenfeld,* 745 N.E.2d 268, 276 (Ind.Ct.App.

2001) (holding third-party beneficiary status where third-party was involved in every aspect of the formation of the contract and contracting parties knew that third-party was the guarantor of the irrevocable line of credit at issue). However, *Blumenfeld* is factually distinct from the present case. Instead, we

N.E.2d 34, 35 (Ind.Ct.App.1982). The Luhnows are not specifically named in the contract, nor are landowners as a class named.[5] *Id.* Further, the contract addresses only the rights and obligations of the two contracting parties; it contains no provisions which demonstrate an intent to benefit any other person. *See, e.g., Mogensen,* 441 N.E.2d at 35; *cf. Freigy v. Gargaro Co.,* 223 Ind. 342, 60 N.E.2d 288 (Ind.1945) (Contractor under sewer contract has no general duty to property owners; however, a provision that he will pay all damages associated with the work may create a duty enforceable by a property owner whose property has been damaged.). At most, the contract between the Drainage Board and Horn was for the benefit of all landowners with property drained by the Starr and Troutman Drains, as a whole, and not a particularized obligation as to any single landowner. *See Ayres v. Indian Heights Volunteer Fire Dep't, Inc.,* 493 N.E.2d 1229, 1235 (Ind.1986). Therefore, individual landowners, such as the Luhnows, were not third-party beneficiaries of the contract. *See, e.g., id.*

Nevertheless, the Luhnows argue that "other evidence," namely minutes from a Drainage Board meeting wherein the Drainage Board discussed the replacement of the Starr and Troutman Drains, creates a genuine issue of material fact as to whether the Drainage Board intended the contract with Horn to benefit the Luhnows. The Luhnows rely on several excerpts recorded in the minutes to demonstrate the intent required for a third-party beneficiary contract. These excerpts follow:

1. The Surveyor reported to the [Drainage] Board that this tile is old and in bad shape. The work is at the request of landowners.

2. The chairman said ... the [Drainage] Board's position is to carry out to the best of their ability the wishes of landowner....

3. Steve Hartzler said he had no problems with [delaying the start of the job until weather conditions have improved] as long as the landowners had agreed.

4. Ken [Gentry Commissioner] asked the landowners/representatives present, what they expect from the bonding company....

5. Chairman, Richard Powell, then proceeded to poll the landowners individually for their comments.

find *Mogensen* to be more factually similar to the case at bar. 441 N.E.2d 34. In *Mogensen,* an appeal was taken from a judgment in favor of property owners in a suit against an individual who contracted with a county drainage board to remove trees, brush, and buried stumps. *Id.* at 35. The *Mogensen* court reversed and held that the landowners were not third-party beneficiaries to the contract between the individual and the drainage board. *Id.*

5. The Luhnows assert that the Drainage Board and Horn intended to benefit landowners in general as evidenced in the language of provision A of the contract. Provision A provides, in pertinent part, that: "Should any tree removal be necessary to accomplish the work the contractor shall contact the landowner to make arrangements for disposal. It is anticipated that some fence removal may be necessary. Procedures for said removal shall be arranged with the owners." Appellant's Appendix at 26, 32. The *Mogensen* court encountered a similar provision in the contract before it, which provided in part: "Trees and brush shall be burned and the stumps buried ... and trees shall be piled at areas designated by the landowner, within 500' from their original location." *Mogensen,* 441 N.E.2d at 34. Despite the contract's direct reference to "landowner," the court held that "no specific property owner is named in the contract, nor are property owners as a class named." *Id.* at 35. We hold the same today.

Appellant's Brief at 9–10 (quoting Appellant's Appendix at 151–155) (internal citations and emphasis omitted). These excerpts do not create a genuine issue of material fact regarding whether the Drainage Board intended its contract with Horn to benefit the Luhnows. Rather, at best, these excerpts demonstrate that the Drainage Board was cognizant of the landowners' concerns regarding reconstruction of the Starr and Troutman Drains and that the Luhnows would derive an incidental benefit from the contract between the Drainage Board and Horn. However, it is not enough that performance of the contract would be of benefit to the Luhnows. *See Kirtley v. McClelland,* 562 N.E.2d 27, 37 (Ind.Ct.App.1990), *reh'g denied, trans. denied.* Instead, the controlling factor is whether it was the intent of the Drainage Board and Horn to benefit the Luhnows. *Garco,* 485 N.E.2d at 654. Such intent does not appear from the terms of the contract between the Drainage Board and Horn, as it must. *See In re Estate of Von Wendesse,* 618 N.E.2d 1332, 1337 (Ind.Ct. App.1993), *trans. denied.* Thus, the Luhnows have failed to meet their burden of establishing that a genuine issue of material fact exists with regard to whether the Drainage Board intended the contract to benefit landowners. *See, e.g., id.*

 Second, the contract did not transfer a duty in favor of the Luhnows from the Drainage Board to Horn. The drainage board has statutory jurisdiction over regulated drains in the county. *See* Ind. Code § 36–9–27–15. This jurisdiction extends over the maintenance and repair of such drains, including the ability to assess property owners for the costs, and the power to contract with an outside contractor for construction or maintenance of a drain.[6] In the case at bar, the Drainage Board has the statutory duty to maintain regulated drains, such as the Starr and Troutman Drains, in Fulton County. This duty did not shift to Horn when the Drainage Board contracted with him for reconstruction work on the two drains. *See, e.g., Mogensen,* 441 N.E.2d at 35. Rather, the duty remained with the Drainage Board. *See id.*

Finally, the Luhnows assert that they are third-party beneficiaries of the contract between the Drainage Board and Horn because they, as landowners, were assessed for the cost of the contract. However, assessment alone does not make the property owner a third-party beneficiary. *Id.* at 36. The Drainage Board retains its statutory duty to maintain drains and its statutory power to assess the funds necessary for that maintenance. *See* Ind. Code § 36–9–27–84. As long as the Drainage Board did not impose an obligation in favor of the Luhnows on Horn, which it did not, the Luhnows have no right to enforce the contract. *Rawlings v. Vreeland,* 76 Ind.App. 209, 217, 127 N.E. 786, 789 (1920). In light of the preceding analysis, the Luhnows were not third-party beneficiaries of the contract between the Drainage Board and Horn, and the trial court did not err by granting Horn's motion for summary judgment on this issue. *See, e.g., Mogensen,* 441 N.E.2d at 35.

### III.

The final issue is whether the trial court erred by granting Horn's motion for summary judgment on the Luhnows' claim of nuisance. The Luhnows argue that Horn's reconstruction work on the Starr and Troutman Drains created a standing-water problem on their property that is a nuisance as defined by Ind.Code § 34–1–52–1. Horn contends that the common-enemy

---

6. *See generally* Ind.Code §§ 36–9–27–40, – 50, –77.

doctrine prevents him from being liable to the Luhnows for nuisance.

Our supreme court described the common-enemy doctrine as follows:

In its most simplistic and pure form the rule known as the "common enemy doctrine," declares that surface water which does not flow in defined channels is a common enemy and that each landowner may deal with it in such manner as best suits his own convenience. Such sanctioned dealings include walling it out, walling it in and diverting or accelerating its flow by any means whatever.

*Argyelan v. Haviland,* 435 N.E.2d 973, 975 (Ind.1982). Thus, under the common enemy doctrine of water diversion, it is not unlawful for a landowner to improve his land in such a manner as to accelerate or increase the flow of surface water by limiting or eliminating ground absorption or by changing the grade of the land. *Id.* The right to so improve one's land is not altered even where the land is so situated to the land of an adjoining owner that the improvement will cause water either to stand in unusual quantities on adjacent lands or to pass into or over adjacent lands in greater quantities or in other directions than the waters were accustomed to flow. *Trowbridge v. Torabi,* 693 N.E.2d 622, 626 (Ind.Ct.App.1998), *reh'g denied, trans. denied.* Moreover, the common enemy doctrine applies regardless of the form of action brought by the plaintiff, that is, regardless of whether the plaintiff asserts his claims as an action for negligence, trespass, or nuisance. *Id. See also Bulldog Battery Corp. v. Pica Investments, Inc.,* 736 N.E.2d 333, 339 (Ind.Ct.App.2000) *reh'g denied.* Indeed, the only limitation on the common enemy doctrine that has thus far been recognized is that "one may not collect or concentrate surface water and cast it, in a body, upon his neighbor." *Argyelan,* 435 N.E.2d at 976.

In the present case, the Luhnows argue that the common-enemy doctrine does not apply to the standing-water experienced on their property because the Drainage Board contracted with Horn for the reconstruction work and the Drainage Board is not an adjacent landowner to the Luhnows. The question of whether the common-enemy doctrine applies to a dispute between a contractor of a drainage board that is statutorily obligated to maintain drains and a landowner is one of first impression.

First, we must determine whether the Drainage Board is a landowner within the meaning of the common-enemy doctrine. Ind.Code § 36–9–27–33 provides in pertinent part that:

(a) The county surveyor, the *board,* or an authorized representative of the surveyor or the board acting under this chapter has the *right of entry* over and upon land lying within seventy-five (75) feet of any regulated drain. The seventy-five (75) foot limit shall be measured at right angles to:

(1) the center line of any tiled drain; and

(2) the top edge of each bank of an open drain;

as determined by the surveyor.[7]

(Emphasis and footnote added). Ind.Code § 36–9–27–33 confers upon the Drainage Board a statutory right-of-way or easement over any property lying within seventy-five feet of any regulated drain. *See Johnson v. Kosciusko County Drainage Bd.,* 594 N.E.2d 798, 804 (Ind.Ct.App.1992)

---

7. Ind.Code § 36–9–27–2 provides that the term "Board" refers to the drainage board of a county.

(describing the drainage board's interest as an easement of up to seventy-five feet on either side of the drain for repair and maintenance purposes), *reh'g denied, trans. denied.* As such, the Drainage Board has a property interest in the land within seventy-five feet of the Starr and Troutman Drains. Accordingly, the Drainage Board is a landowner with respect to its easement or right-of-way for purposes of the common enemy doctrine. Because the water involved in the dispute is surface water and, further, because we hold that the Drainage Board is a landowner to the extent of its easement, the common enemy doctrine would undoubtedly apply to a dispute between the Luhnows and the Drainage Board regarding the manner in which the Drainage Board dealt with surface water.

However, the issue presented here is whether the common enemy doctrine applies to the dispute between the Luhnows and Horn, a contractor of the Drainage Board. We previously confronted a similar issue in *Earth Construction & Eng'g, Inc.*, 460 N.E.2d at 986. There, the City of Fort Wayne hired a contractor, Earth Construction and Engineering, Inc. ("Earth Construction"), to construct a sewer line along a road and to clear trees, shrubs, and brush from the road. *Id.* A homeowner adjacent to the road complained that the contractor performed the work negligently, which created a standing-water problem. *Id.* at 985. The homeowner argued that the common enemy doctrine did not apply to a contractor. *Id.* at 986. However, in acknowledging the status of Earth Construction as a contractor, we observed that:

> [T]he allegations and evidence against [contractor] establish no basis for liability other than its original removal of the trees, brush, etc. and elimination of the previously existing depression, and/or its failure to construct a drainage ditch at the time the work was done. Those allegations are equally applicable to the employer-owner, and as to them, [contractor] is entitled to stand in the employer's shoes. Since the employer was entitled to alter the surface water drainage without incurring liability pursuant to the "common enemy doctrine," [contractor] did not incur liability simply because it performed the work.

*Id.* Likewise, today we hold that because the Drainage Board is entitled to alter the surface water, in the exercise of its easement, without incurring liability pursuant to the common enemy doctrine,[8] Horn too could not incur liability merely by performing the work. *See, id.* Consequently, the trial court did not err by granting Horn's motion for summary judgment on the Luhnows' claim of nuisance.

---

**8.** The Drainage Board is not immune from all liability under the common-enemy doctrine merely because we hold that it is a landowner with respect to its easement. Rather, the common-enemy doctrine applies to the Drainage Board so long as the Board acts pursuant to, and within the provisions of, the doctrine. If the Drainage Board were to intentionally divert a natural watercourse and cast the water on an adjacent landowner, the common-enemy doctrine would offer no benefit to the Drainage Board. For example, we have previously held with respect to a city's right to drain surface water that:

> There is and can be no question as to the right of a city to construct . . . a drain for carrying off the surface water, and thereby benefiting its streets and protecting the health of the inhabitants of the city; but a municipal corporation cannot, without liability, divert surface water from its natural course by such an artificial channel, and thereby cause it to flow in a body upon adjacent property. . . .

*City of Valparaiso v. Kyes*, 30 Ind.App. 447, 449, 66 N.E. 175, 176 (1903). The same analysis would apply to the Drainage Board.

For the foregoing reasons, we affirm the trial court's grant of Horn's motion for summary judgment.

Affirmed.

RILEY, J., and NAJAM, J., concur.