**Lance ECKMAN and Karen Eckman, Appellants–Plaintiffs,**

v.

**Richard C. GREEN d/b/a Green Concrete, Appellee– Defendant.**

No. 27A02–0609–CV–838.

Court of Appeals of Indiana.

July 10, 2007.

Joseph W. Eddingfield, Wabash, IN, Attorney for Appellant.

Donald K. McClellan, McClellan & McClellan, Muncie, IN, Attorney for Appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Lance and Karen Eckman appeal the trial court's entry of summary judgment in favor of Richard C. Green d/b/a Green Concrete.

We reverse.

### ISSUE

Whether the trial court erred in granting Green's motion for summary judgment.

### FACTS

We adopt the statement of facts set forth in the Indiana Supreme Court's decision in *New Welton Homes v. Eckman,*

830 N.E.2d 32 (Ind.2005), which reads as follows:

In December 1998, Lance and Karen Eckman contracted with Don Welton Manufactured Housing, Inc. (now "New Welton") to purchase and place a 1999 Commodore Modular Home. Among other things, the agreement required installation of a foundation on which to place the modular home, and the creation of a perimeter drain to prevent moisture encroachment on and beneath the foundation. New Welton obtained a proposal from Green Concrete to help backfill the foundation and perimeter drain, and grade and seed that area. New Welton completed this project in June 1999.

The area where the Eckmans reside experienced a drought between 1999 and 2001. There were several consecutive days of rainfall in late May and early June 2001. About a month after these rains, the Eckmans noticed settling and cracking inside the modular home. They discovered water standing around the perimeter of it. Further investigation revealed moisture accumulated inside the foundation area and around the structural support system under the home. This discovery occurred about two and a half years after the home's completion.

The Eckmans sued New Welton and Green, claiming a failed perimeter drainage system and seeking a judgment for the resulting damage. New Welton moved for summary judgment, citing the claims provision in the contract between them. The Eckmans and New Welton had signed a contract under which they agreed that in the event either of them breached, claims for the breach must be brought within one year of the breach.[1] The trial court denied the motion for summary judgment, holding that the discovery rule applied to the contractual limitations period.

The Court of Appeals affirmed, holding that a discovery rule could apply to a breach of contract action that included a limitation action provision.

830 N.E.2d at 33–34 (footnote omitted). Upon transfer, the Indiana Supreme Court held that "the contract limitation should be enforced." *Id.* at 35. Therefore, the Eckmans' action was time-barred as they did not commence it within the agreed upon period. Accordingly, the Indiana Supreme Court reversed the trial court's decision and remanded with directions to grant judgment to New Welton, which the trial court did on June 30, 2005.

On June 15, 2006, Green filed a motion for summary judgment and memorandum in support thereof, arguing that the Eckmans' claim against Green was "barred by the one-year contractual period of limitations contained within the contract between Eckman and Welton." (App. 157). Green asserted that it "is an intended third-party beneficiary of the contract between Welton and [the] Eckman[s]" and, therefore, entitled to enforce the contract between the Eckmans and Welton, including the one-year requirement during which a claim must be brought. The Eckmans countered that the contract between the Eckmans and New Welton did not extend the one-year limitation to subcontractors. On August 30, 2006, the trial court entered summary judgment in favor of Green.

Additional facts will be provided.

---

1. The purchase agreement set forth the following provision: "**ONE–YEAR PERIOD OF LIMITATION.** I understand and agree that—if either of us should breach this contract—the other of us shall have only one year, after the occurrence of that breach, in which to commence an action for a breach of this contract." (App. 39). The purchase agreement defines "I" as "the Buyer[.]" *Id.*

## DECISION

Summary judgment is appropriate only where the evidence shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). All facts and reasonable inferences drawn from those facts are construed in favor of the nonmoving party. *Hopper v. Carey*, 810 N.E.2d 761, 764 (Ind.Ct.App.2004), *trans. denied.* "We must reverse the grant of a summary judgment motion if the record discloses an incorrect application of the law to those facts." *Lake States Ins. Co. v. Tech Tools, Inc.*, 743 N.E.2d 314, 317 (Ind.Ct.App.2001).

█ In this case, the Eckmans argue that the trial court erred in granting Green's motion for summary judgment because Green is not a third-party beneficiary to the contract between the Eckmans and New Welton and, therefore, is not entitled to enforce the contractual provision shortening the time in which to bring an action for breach of contract. We agree.

█ A third party beneficiary may directly enforce a contract. *Mogensen v. Martz*, 441 N.E.2d 34, 35 (Ind.Ct.App. 1982). To enforce a contract as a third-party beneficiary, the third-party beneficiary must show the following:

(1) A clear intent by the actual parties to the contract to benefit the third party;

(2) A duty imposed on one of the contracting parties in favor of the third party; *and*

(3) Performance of the contract terms is necessary to render the third party a direct benefit intended by the parties to the contract.

*Luhnow v. Horn*, 760 N.E.2d 621, 628 (Ind.Ct.App.2001). "[T]he intent to benefit the third party is the controlling factor and

may be shown by specifically naming the third party or by other evidence." *Id.*

In this case, the Eckmans and New Welton entered into a purchase agreement, whereby the Eckmans agreed to purchase a modular home from New Welton. The purchase agreement provided that the site improvements, including the block foundation and perimeter drain, were to be "accomplished by Don Welton Homes[.]" (App. 96). At some point, New Welton advised the Eckmans that New Welton had used Green for previous projects. The Eckmans agreed that New Welton should obtain a bid from Green for the construction of the foundation and installment of the perimeter drain.

The Eckmans rejected several of Green's bids submitted to New Welton but eventually accepted a fourth bid, which also was submitted to New Welton. On or about March 30, 1999, Green submitted an invoice to New Welton, and New Welton paid Green in full on or about April 7, 1999.

Given the facts presented, Green fails to meet the first criterion for establishing status as a third-party beneficiary. The purchase agreement between the Eckmans and New Welton does not show clear intent to benefit Green as Green is neither named in the purchase agreement nor does the purchase agreement contain "provisions which demonstrate an intent to benefit any other person." *See Horn*, 760 N.E.2d at 628. Rather, the purchase agreement "addresses only the rights and obligations of the ... contracting parties," namely, the Eckmans and New Welton. *Id.*

The purchase agreement clearly does not impose an obligation to bring a claim within one year on the Eckmans in favor of Green. *See Kirtley v. McClelland*, 562 N.E.2d 27, 37 (Ind.Ct.App.1990) ("To be

enforceable, it must clearly appear that it was the purpose or a purpose of the contract to impose an obligation on one of the contracting parties in favor of the third party."), *trans. denied.* Accordingly, we reverse the trial court's judgment in favor of Green.

Reversed.

BAKER, C.J., and ROBB, J., concur.